# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## SEPTEMBER TERM, 1905.

---

STATE OF NEBRASKA, EX REL., JOHN H. MICKEY, RELATOR,
v. L. C. RENEAU, COUNTY CLERK, ET AL., RESPONDENTS.

FILED NOVEMBER 22, 1905. No. 14,512.

ORIGINAL application for a writ of mandamus to compel respondents to select jurors under chapter 176, laws 1905. *Writ denied.*

*Norris Brown, Attorney General, William T. Thompson and E. Falloon*, for relator.

*Wesley T. Wilcox, contra.*

PER CURIAM.

Writ denied, on the ground that the law is unconstitutional. Opinion to be filed later.

The following opinion was filed December 20, 1905:

1. Statutes: VALIDITY. If a statute is incomplete, so that it cannot be complied with without additional provisions that are not indicated by the act itself, the court cannot supply such defects so as to give validity to the act.

2. ———: ———. Chapter 176 of the laws of 1905, which purports to prescribe the method of selecting juries in counties having less than 30,000 inhabitants, is invalid because its requirements cannot be complied with. The method provided is impossible of execution.

SEDGWICK, J.

In this case the writ of mandamus was denied because. the "jury law" enacted in 1905 (laws 1905, ch. 176) was held to be invalid. The constitution provides: "The right of trial by jury shall remain inviolate." Const., art. I, sec. 6. Also, "All courts shall be open, and every person, for any injury done him in his lands, goods, person, or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." Const., art I, sec. 13. Under the provisions of the act in question, it would be impossible to obtain a jury in some of the counties of the state, and justice could not be regularly administered without delay. By section 2 of the act it is enacted: "That upon the completion of the canvass of the election returns said board shall select at least 500 names from the tally sheet, provided that the tally sheet contains that many names; if the tally sheet does not contain 500 names then from the actual number of names contained on said sheet, in all counties having less than 30,000 inhabitants, in the manner following: They shall divide the number of electors to be selected by the number of the voting precincts, and allot to each voting precinct the quotient or number thus obtained; then the board shall divide the number of names found upon each tally sheet of each voting precinct by the quotient or number allotted to each precinct, and then shall count from the top of the tally sheet of the precinct the number of names of this last quotient, the last name of which shall be selected and put into a receptacle as hereinafter provided, then again count down the tally sheet selecting every name that corresponds to the number of this quotient until the full quota of names from said precinct shall have been chosen, and thus continue the process through each precinct until the required number of names shall have been selected, and the names so selected shall be furnished to the clerk of the district court of the county or his deputy." The "tally sheet" does not contain the names of electors, and,

consequently, if this provision is to be construed as it reads, there is no method provided for obtaining the names of qualified persons from which to select the jury. If, however, the rules of construction can be strained so far as to make these words mean the poll-book or some other recognized register of names of the voters of the county, still the difficulty would not be removed. If "the number of electors to be selected" is divided by the number of voting precincts in the county, the quotient would generally be fractional, so that it would be impossible to allot to each voting precinct "the number thus obtained." This again requires a forced construction, such as, for instance, that fractions less than one-half are to be rejected, and that fractions of more than one-half are to be counted as one. We are confronted with other difficulties which would render the proceedings prescribed for selecting a jury impracticable. The number of names found upon such register of electors as the court should substitute for the "tally sheet" named in the statute is to be divided by the number of electors which has been allotted to each precinct, and here again no provision is made for fractional quotients, and no method to ascertain the exact number by which the number of names on the "tally sheet" shall be divided. If the number of names of the voters of the precinct is to be divided by a fractional number, it would be impossible to "count from the top of the tally sheet of the precinct the number of names of this last quotient," and impossible by this process to select the names from the list so being divided. To supply these defects, and others which appear in the act, requires legislation, and not judicial construction. The act is incapable of accomplishing the only purpose which it professes.

The relator asks for a writ of mandamus, compelling the officers to select juries under this act, which is impossible. The writ was therefore denied.

WRIT DENIED.