# HESTER ET AL. *v.* TOWN OF GREENWOOD ET AL.

[No. 21,249. Filed May 25, 1909.]

1. APPEAL.— *Parties.— Officers.— Towns.— Ordinances.— Declaring Void.—Water-Works.—Electric Lights.*—In a suit by taxpayers against a town, the officers thereof, and a water and light company, to have declared void certain ordinances granting to such company a water and light franchise, such town officers are not necessary parties to the suit, nor to a vacation appeal from a judgment for defendants therein. p. 282.

2. STATUTES.—*Construction.—In Pari Materia.*—In determining the meaning of a particular statute, all statutes on the subject will be considered. p. 285.

3. MUNICIPAL CORPORATIONS.— *Towns.— Contracts.—Water-Works. —Electric Lights.— Ordinances.— Fifty-Year Franchises.— Statutes.*—Section 8938 Burns 1908, Acts 1905, pp. 219, 395, §253, providing that any town may, by contract "duly approved by ordinance * * * grant to any person or corporation the right" to establish a water-works, or an electric light plant, the terms for supplying such water or light, as well as the license fee to be paid to the town, to be fixed by the contract, and §8939 Burns 1908, Acts 1905, pp. 219, 396, §254, providing that any town may

contract with any person or corporation to furnish such town and its inhabitants with water or light, and prescribe the terms and conditions thereof for the town and its inhabitants, "Provided, that no such contract shall be entered into by any * * * town for furnishing such * * * town and its inhabitants with water, * * * or light, upon or along the streets of such * * * town for a term longer than twenty-five years," do not prohibit a town from granting a fifty-year franchise to use its streets for supplying water and light. p. 285.

4. MUNICIPAL CORPORATIONS.— Ordinances.— Towns.— Contracts.— Water-Works.—Electric Lights.—Fixing Rates.—A town ordinance, contractual in character, granting a franchise to use the municipal streets for the purpose of supplying water and light, which provides regulations with regard to the public safety and convenience in connection with the construction and maintenance of the works, and fixes the maximum rates to be charged, is not void for failure to prescribe the terms and conditions of service. p. 287.

From Johnson Circuit Court; W. W. Thornton, Special Judge.

Suit by Lindley G. Hester and others against the Town of Greenwood and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

William J. Buckingham, for appellants.
E. A. McAlpin, for appellees.

MONTGOMERY, C. J.—Appellants brought this suit to have certain franchise ordinances decreed null and void, and to enjoin the carrying out of their provisions and the levying of taxes for such purposes. The complaint was held insufficient upon demurrer, and appellants declining to amend, final judgment was rendered in favor of appellees. Errors have been properly assigned on the sustaining of appellees' demurrers.

The complaint alleged, in substance, that appellants are resident taxpayers of the incorporated town of Greenwood; that on September 4, 1905, the board of trustees of said town duly adopted an ordinance, No. 92, granting to James A. Craig and John W. Henderson, for a term of fifty years, the right and privilege of erecting poles, wires and appliances

in the streets, alleys and public grounds of the town, for the purpose of furnishing electric light and power to said town and its inhabitants, and also passed and adopted an ordinance, No. 93, granting to the same parties for a like term the right and authority to construct, operate and maintain a system of water-works in said town for the purpose of supplying the town and its inhabitants with water. It appears from said ordinances, which are copied in full in the body of the complaint, that provision was made to secure both public and private interests against any loss or damage resulting from the construction and operation of light or water plants, and a maximum rate was prescribed for which the town and private patrons could procure specified lights and lighting service, and a supply of water for fire hydrants and for various private uses, and the grantees were required within twenty days from the passage of the ordinance to file with the town clerk written acceptances of their provisions.

It is further alleged that on September 13, 1905, the grantees, Craig and Henderson, duly filed in the office of the clerk their written acceptances of the provisions of said ordinances, and on September 27, 1905, said grantees filed in the clerk's office an assignment in writing, whereby they transferred all their right, title and interest in and to said franchise and ordinances to appellee Citizens Water and Light Company; that on March 4, 1907, said board of trustees passed ordinance No. 100, contracting with said water and light company for certain electric street lights for the term of twenty years, and for certain fire hydrants for the term of twenty-five years, and providing for the collection of taxes for the purpose of paying the stipulated light and water rentals, which ordinance was duly accepted by said appellee company. It was specifically alleged: (1) That the board of town trustees had no power or authority to grant franchises for the purposes named, for a term exceeding twenty-five years, and that the ordinances purporting to grant such franchises for fifty years are *ultra vires* and void;

(2) that said board neglected and failed to incorporate in said franchise ordinances the terms, price and conditions upon which water and light should be furnished, and that at the time of their enactment the town had no contract containing any such terms, prices and conditions, and that the ordinances are on this account illegal and void.

This is a vacation appeal, and Thomas C. Wilkerson, a member of the board of trustees, and George W. Carpenter, town clerk, who were joined as defendants in the court below, have not been joined as appellees in this court.

Appellees make the point that as Wilkerson and Carpenter were parties to the judgment from which the appeal is prosecuted, they should have been joined as appellees here, and the omission of their names is fatal to the jurisdiction of this court. This suit was directed essentially against the town and the Citizens Water and Light Company, and the other persons named as parties were joined only because of their official position and in their official capacity. The judgement inured wholly to the benefit of the contracting parties, which were the town and the water and light company, and the officials had no personal interest in the subject-matter in litigation, and were not necessary parties to the suit. Appellants might have dismissed their action as to any of the officials named as defendants, at any stage of the proceedings in the trial court, and may exercise a like privilege upon appeal, without affecting the jurisdiction of the court over the alleged cause of action and the necessary parties thereto. It is manifest that all the parties really interested in the subject-matter involved have been joined and are before us, and Wilkerson and Carpenter are not necessary parties to this appeal. *Basket* v. *Hassell* (1883), 107 U. S. 602, 2 Sup. Ct. 415, 27 L. Ed. 500; *Schmied* v. *Keeney* (1880), 72 Ind. 309; *Jamieson* v. *Board, etc.* (1877), 56 Ind. 466; 2 Ency. Pl. and Pr., 192.

The franchise ordinances attacked were passed in pursuance of the authority conferred by §253 of the act of 1905

(Acts 1905, pp. 219, 395, §8938 Burns 1908), which, omitting provisions relating to cities, reads as follows: ''Any * * * town may by contract, first entered into by * * * the board of trustees * * * such contract to be duly approved by ordinance, as in other cases, grant to any person or corporation the right to lay down pipes, wires or conduits; to construct sewers or drains; or to erect poles, wires, posts, masts, skeleton towers, and other necessary appliances and structures, in the streets, alleys and other public places of such * * * town, and to maintain them there, for the purpose of supplying such * * * town and its inhabitants with water for fire protection and domestic use, and with facilities for drainage and sewerage;. or with water, steam, gas, electricity or other means of conveying motive power, heat, light or intelligence, for the convenience and welfare of the people. And in such contract, so approved by ordinance, such * * * town shall provide all necessary regulations and restrictions for the proper placing of such poles, pipes, wires and other structures and appliances, so as to cause the least inconvenience to the public and the least injury to the use of private property, and shall provide for the safe and convenient supply and distribution of such water, gas, electricity or other elements, and for facilities for drainage and sewerage connections. To this end, such * * * town may, at any time, in the granting of such franchise, or wherever public safety demands it, require all pipes and wires to be placed under ground, or that any other measures shall be taken which may be deemed for the greater safety or better accommodation of such * * * town and its inhabitants, or of the public. In granting such franchise such * * * town shall also provide for the terms on which such water, gas, steam, electricity or other element, and such drainage and sewerage connections, shall be supplied to the * * * town and its inhabitants, as well as for reasonable license fees or other compensation to be paid to such * * * town for any such

franchise and privilege: Provided, that where any * * * town has heretofore granted a franchise to any person, persons or corporation to use the streets, alleys or other public places of such * * * town, such franchises are hereby in all respects legalized and made valid and shall be as effective as if granted under the provisions of this act." The ordinance contracting for water and lights for public use was passed under the authority granted by §254 of said act (§8939 Burns 1908), which, omitting references to cities, reads as follows: "Any * * * town may enter into contract with any person, corporation or association to furnish such * * * town and its inhabitants with water, motive power, heat or light, or to build or extend railroads, interurban or street-car lines, telegraph or telephone lines, or other public conveniences into or through such * * * town; and may provide in such contract the terms and conditions on which such water, motive power, heat, light, railroad, interurban, street-car, telegraph or telephone services, or other uses and accommodations of such and other public conveniences may be furnished .by such person, corporation or association to such * * * town, and to its inhabitants: Provided, that no such contract shall be entered into by any * * * town for furnishing such * * * town and its inhabitants with water, motive power, heat or light, upon or along the streets of such * * * town for a term longer than twenty-five years. * * * For the purpose of aiding in the erection or extension of any such public utilities and conveniences, any * * * town is authorized to become a part stockholder by subscribing to the capital stock thereof in any such corporation so contracting to furnish the * * * town and its inhabitants with water, motive power, heat, light and other accommodations aforesaid. And such * * * town shall have the power to borrow money to pay for the stock so subscribed, and * * * the board of trustees of such town may issue the bonds of such * * * town payable at such time or times

as such  *   *   *   board of trustees may direct, and bearing interest at a rate not exceeding six *per centum* per annum, payable annually or semiannually, and may negotiate and sell the same at not less than the face value thereof. The proceeds of such bonds shall be applied only to the payment of the stock so subscribed.

Appellants' first contention is that these two sections of the statute must be construed together, and, when so construed, the granting of water and light franchises for a longer term than twenty-five years is expressly forbidden. If this interpretation of the law is correct, and in defiance of the prohibitory terms of the statute the town attempted to grant fifty-year franchises, the ordinances purporting to make such grants must be held *ultra vires* and void upon the authority of *Gas Light, etc., Co.* v. *City of New Albany* (1901), 156 Ind. 406. It is an elementary rule that, in order to determine the meaning of a particular statute, the courts should in connection therewith consider all other statutes bearing upon the same subject.

Section 249 of the act of 1905 (Acts 1905, pp. 219, 392, §8921 Burns 1908), authorizes cities and towns to erect, purchase or lease plants and works for supplying certain public utilities. Section 8938, *supra,* authorizes the municipalities to grant franchises to others for the construction and erection of plants for furnishing water, light, heat and power. In such case the public corporation would have no interest in the works, but the franchise must be granted by ordinance prescribing the terms and conditions upon which the town and its inhabitants may, at their option, obtain such water, light, heat or power. Section 8939, *supra,* authorizes the town by ordinance to contract for the furnishing of water and light for public purposes, and to become a stockholder in any corporation contracting to furnish such town and its inhabitants with water or light. In case the town elects to obligate itself under this last section and to pay a stipulated rental for a specific number of

lights or hydrants, the statute plainly provides that no such contract shall be entered into for a term longer than twenty-five years. The reasons for affixing some limitation upon such contracts are obvious. The changing cost of fuel, labor, supplies and methods of production may in a few years materially affect the cost of furnishing light or water. The court recognized this fact in the case of *City of Vincennes* v. *Citizens Gas Light Co.* (1892), 132 Ind. 114, 16 L. R. A. 485, wherein it said: "Improvements made in the methods and cost of street lighting have in many instances rendered contracts that were fair and equitable when made seem now to be grinding and oppressive." Ordinary prudence would suggest the propriety, if not the necessity, of prescribing a maximum term for the continuance of contracts requiring the expenditure of public funds. This restriction was clearly expressed in §8939, *supra.*

Section 8938, *supra,* deals with a different phase of the subject. Its provisions do not involve the public treasury, but merely authorize the town to grant the use of its public highways and places for the public purposes specified upon such terms and conditions as it may see fit to prescribe. The formal acceptance by the grantee of the grant upon the terms affixed constitutes a contract, having in view on the one hand the promotion of public convenience and welfare, and on the other the profitable investment of private capital. In enacting ordinances under §8938, *supra,* the freedom of the town from obligation to render financial assistance may be compensated by granting a longer term franchise. At all events the legislature has not imposed any definite limit upon the term of the franchise to use the public ways and places which the city or town is authorized to grant. This was the province of the legislature, and that department not having deemed it necessary to limit the term of such franchises, we are not warranted in inserting such limitation by mere construction, when the statute is so clear as not to be open to construction. The complaint is grounded upon the proposi-

tion that the statutes positively forbid the granting of water and light franchises for a term longer than twenty-five years, and that ordinances No. 92 and No. 93 attempt to make such grants for fifty years, and are palpably *ultra vires* and void. In our opinion this contention cannot be sustained. We are not called upon to determine whether a water or light franchise for fifty years is, under all circumstances, unreasonable, and intimate no opinion upon that question, but hold only that the grant of such a term in the case before us was not made in violation of an express prohibition of any statute.

Appellants' second contention is that §8938, *supra,* requires that franchise ordinances specify the precise terms upon which the water and light shall be supplied to the municipality and its inhabitants. The ordinances in question provide regulations looking to the public safety and convenience with regard to the method of construction and maintenance of the works, and prescribe maximum rates for the service. Assuming, without deciding, that this provision is mandatory, and that appellants' complaint was seasonably made, we think that the legislative requirement is sufficiently and fully met by a stipulation as to the maximum rate or charge for the commodity to be furnished. It is manifest that an exact and inflexible rate or price could not be fairly or prudently fixed in advance for a long term of years to come. The fixing of precise rates would almost inevitably defeat the purpose of the law, since, if the rate proved excessive, it would discourage patronage without remedy by adjustment, and, if too low, would compel service at a loss, and in either case would result in bankruptcy for the company. The franchise contracts which have come before the courts for consideration, and doubtless those with which members of the legislature were cognizant, have attempted only to fix maximum charges, leaving the largest feasible liberty of contract to the parties directly concerned. The ordinances mentioned were clearly not void for failure

to prescribe terms and conditions of service as charged. It follows that appellees' demurrers to the complaint were correctly sustained.

The judgment is affirmed.