THE STATE OF INDIANA, EX REL. LINTHICUM ET AL.,
v. BOARD OF COMMISSIONERS OF THE COUNTY
OF VANDERBURGH ET AL.

[No. 21,690.   Filed March 29, 1911.]

1.  STATUTES.—*Legislative Knowledge of Prior Statutes.—Presumptions.*—The General Assembly, in enacting a statute, is presumed to have knowledge of prior statutes covering the same subject-matter.  p. 402.

2.  STATUTES.—*Construction.—Words.*—Words of general import in a statute are limited by words of restricted import immediately following.  p. 403.

3.  STATUTES.—*Adopting.*—A statute, adopted by another by means of a specific and descriptive reference thereto, is in force as a part of such adopting act only so far as applicable thereto. p. 403.

4.  BRIDGES.—*Over Rivers on State Boundaries.—Public Aid.— Counties.—Statutes.—Supplying Omissions.*—Section one of the act of 1889 (Acts 1889 p. 266, §4405 Burns 1908) providing that "counties wherein any bridge over any river or stream forming the boundary of the State of Indiana, or any part thereof, may be located, or any of the townships of such counties, are hereby authorized to take stock in or make donations to such bridge company * * * by complying with the provisions, so far as the same are applicable, of  * * * sections 4045 to 4063, inclusive, of Revised Statutes [of 1881], giving to counties and townships authority to take stock in and make donations in aid of the construction of railroads," does not authorize counties to subscribe for stock in bridge companies erecting bridges over streams on the state boundary line, since there is nothing in the adopted sections authorizing the filing of any petition therefor, or fixing the number of signers, or for canvassing the vote

of a county, or for the levy of a tax to pay therefor, the courts not being empowered to supply such omissions.   p. 403.

5.  MANDAMUS.—*Other Adequate Remedy.—Appeal.—Bridges.—Aid by Counties.*—The proper remedy in the case of a denial of a petition for an election to determine whether a county will take stock in a bridge company, the purpose being to erect a bridge over a river on the boundary line of the State (§4405 Burns 1908, Acts 1889 p. 266, §1), is an appeal, and not mandamus. p. 405.

From Vanderburgh Circuit Court; *Curran A. DeBruler,* Judge.

Action by the State of Indiana, on the relation of Edward Linthicum and others, against the Board of Commissioners of the County of Vanderburgh and others.   From a judgment for defendants, plaintiffs appeal.   *Affirmed.*

*Funkhouser & Funkhouser* and *Robinson & Stilwell,* for appellant.

*George A. Cunningham* and *Daniel H. Ortmeyer,* for appellees.

MORRIS, J.—This was a mandamus proceeding by appellants, against the Board of Commissioners of the County of Vanderburgh and others.   It involves the right of the county to vote aid to a bridge company, for the construction of a bridge over the Ohio river, under §4405 Burns 1908, Acts 1889 p. 266.   So much of the section as applies here, reads as follows:   " That   counties wherein any bridge over any river or stream forming the boundary of the State of Indiana, or any part thereof, may be located, or any of the townships of such counties, are hereby authorized to take stock in or make donations to such bridge company in aid of the construction of such bridge by complying with the provisions, so far as the same are applicable, of an act approved May 12, 1869, being §§4045 to 4063, inclusive, of Revised Statutes [of 1881], giving to counties and townships authority to take stock in and make donations in aid of the construction of railroads."

The act of May 12, 1869, as originally enacted (Acts 1869 [s. s.] p. 92) authorized counties, or townships thereof, to aid in the construction of railroads, either by making donations or taking stock This act was so amended in 1875 as to authorize townships only so to aid (Acts 1875 [s. s.] p. 70). Sections 4045-4063 R. S. 1881, designated in the act of 1889, *supra*, embrace said act of 1869, as amended by said act of 1875, and other amendments passed before 1881. These nineteen sections (§§4045-4063, *supra*) contain no authority to counties to give aid, except by the provision made in §4059, *supra*, which authorizes the board of commissioners, under certain conditions, to pay out of the county treasury an amount equal to the special tax voted by a township, pending its collection from the taxables of the township. The sum so advanced was to be refunded when collected. Section 4058, *supra*, authorized the board of commissioners to take stock in the company in the name of the township voting the aid, and to make proper contracts with the company relative to freight rates, location of depots, etc., pursuant to the terms of the petition for voting the aid by the township. Section 4056, *supra*, required the county board to make the levy of the special tax voted on the township taxables.

Appellees claim that the act of 1881 (Acts 1881 p. 5), as amended in 1889, does not authorize aid by counties to bridge companies. If this interpretation of the law is correct, the judgment of the trial court should be affirmed, because this appeal grows out of the refusal by the Board of Commissioners of the County of Vanderburgh to submit to the voters of said county the question of aid by the entire county for the construction of a bridge over the Ohio river.

It must be presumed that the General Assembly of 1889 was acquainted with the provisions of the act of 1869, *supra*, of the amendatory act of 1875, *supra*, and of §§4045-4063, *supra*. State Board, etc., v. Holliday (1898), 150 Ind. 216, 42 L. R. A. 826; Mode v. Beasley (1896),

1.

143 Ind. 306; *Ensley* v. *State, ex rel.* (1909), 172 Ind. 198;
Sutherland, Stat. Constr. §333. Words of general
2.    import in a statute are limited by words of restricted
import, immediately following and relating to the
same subject. 36 Cyc. 1119; *Nance* v. *Southern Railway*
(1908), 149 N. C. 366, 63 S. E. 116.

It is well settled that one statute may adopt another, by
a specific and descriptive reference thereto, and the effect
is the same as if the adopted statute had been written
3.    into the adopting one, but when so adopted, only
so much of the adopted act is in force as a part of the
adopting act as is applicable thereto. *State, ex rel.,* v. *Board,
etc.* (1908), 170 Ind. 595; *State, ex rel.,* v. *Leich* (1906), 166
Ind. 680, 682, and authorities cited, 9 Am and Eng. Ann.
Cas. 302 and note.

Under said rules, in construing the act of 1889, *supra,*
we must consider it as though §§4045–4063, *supra,* had
been written into it; for while the act in question
4.    refers generally to the act of May 12, 1869, it specific-
ally designates the act as set forth in the designated
nineteen sections, which sections did actually embrace all
of the act of 1869, as amended, up to 1889. Considering
the act in controversy, as containing the adopted sections,
we fail to find therein any provision for a petition, or the
number of signers thereof, for aid by a county to construct
a railroad, although specific provision was made in the act
of 1869, before amendment, for the filing of a petition in
such case, signed by 100 freeholders of the county. There
is not found therein any provision for canvassing the vote
of an entire county, though the original act of 1869 created
a board of canvassers for that purpose; nor is there found
any provision by which the board of commissioners can
levy a special tax on the taxables of an entire county, though
the original act of 1869 made express provision therefor.

While it is the duty of the courts, in construing a legis-
lative enactment, so to hold as to give full effect to each

word found therein, if possible, we are here confronted with a statute which, in general terms, provides that " counties * * * or * * * townships * * * are hereby authorized- to take stock," etc., " by complying with the provisions, so far as the same are applicable, of * * * §§4045 to 4063, inclusive," but, specifically, does not authorize the taking of stock, except in the name, and for the use of, a single township. §4405 Burns 1908, Acts 1889 p. 266; §5478 Burns 1908, §4058 R. S. 1881.

In the case of *Miles* v. *Ray* (1885), 100 Ind. 166, 169, this court said: "The power to subject property to taxation in aid of railroad companies can be exercised only in strict conformity to, and by a rigid compliance with, the letter and spirit of the act conferring the authority. The act should be strictly construed in favor of the rights of property." See, also, *State, ex rel.,* v. *Board, etc.* (1906), 166 Ind. 162; *Garrigus* v. *Board, etc.* (1872), 39 Ind. 66; *Demarree* v. *Johnson* (1898), 150 Ind. 419; *Voss* v. *Waterloo Water Co.* (1904), 163 Ind. 69, 66 L. R. A. 95, 106 Am. St. 201, and cases cited; *United States* v. *Oregon, etc., R. Co.* (1896), 164 U. S. 526, 17 Sup. Ct. 165, 41 L. Ed. 541; *Sioux City, etc., R. Co.* v. *United States* (1895), 159 U. S. 349, 16 Sup. Ct. 17, 40 L. Ed. 177. Where a statute of this character is defective, courts have no power to supply omissions. *Kunkalman* v. *Gibson* (1909), 171 Ind. 503; 36 Cyc. 1113; *State, ex rel.,* v. *Reneau* (1905), 75 Neb. 1, 104 N. W. 1151, 106 N. W. 451.

Appellants are seeking, by means of a special tax to be levied on all the taxables of the county, the appropriation of $436,000 to aid a *quasi*-public corporation in constructing a bridge, if a majority of the voters of the county approve of the proposition. The statute in question omits any provision for a petition for such submission to the voters of the county. If it were held that such provision should be implied, the statute omits to designate the jurisdictional number of petitioners required to sign the petition; if this omission

were supplied, it still fails to provide any method for the canvass of the votes, and, finally, it confers no authority on the board to levy a special tax of this nature on the taxables of the county. These defects cannot be supplied by the courts without legislating. Such power is vested in the General Assembly. Const. Art. 4, §1. The statute in controversy does not authorize the Board of Commissioners of the County of Vanderburgh to aid a corporation in constructing a bridge over the Ohio river by taking stock in such corporation.

Appellees further insist that the judgment of the lower court should be affirmed because appellant's remedy, if any, was by appeal, and not by mandamus. The appellants and others filed their petition, praying that an election be held by which the voters of the county might determine the matter of appropriating $436,000, to aid the Evansville Bridge Company in constructing a bridge. The petition was presented to the board of commissioners, which denied it, because, as decided by the board, there was no authority of law under which it could call an election for the purposes set forth in the petition. From this decision of the board, which was final in its nature, appellants had the right to appeal. *State, ex rel.,* v. *Board, etc.* (1891), 131 Ind. 90; *Good* v. *Burk* (1906), 167 Ind. 462; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484, and cases cited; §6021 Burns 1908, §5772 R. S. 1881. Where there is an adequate remedy by appeal, mandamus will not lie. *Board, etc.,* v. *State, ex rel.* (1909), 173 Ind. 52, and cases cited. It follows that appellant's remedy, if any, was by appeal from the decision of the board.

Several other questions are presented in this appeal, but in view of the conclusions reached, as before set forth, no useful purpose would be subserved by their consideration.

Judgment affirmed.