[Civil No. 2311.    Filed October 6, 1924.]

[229 Pac. 388.]

# In the Matter of the Application of CLARK H. ALTMAN for Writ of Habeas Corpus. JERRY SULLIVAN, Appellant, v. CLARK H. ALTMAN, Appellee.

1. MILITIA — STATUTE ADOPTING, BY MERE REFERENCE THERETO, ARTICLES OF WAR AND REGULATIONS OF UNITED STATES ARMY, SO FAR AS APPLICABLE, FOR GOVERNMENT OF ARIZONA NATIONAL GUARD, HELD VALID.—Civil Code of 1913, paragraph 3983, and paragraph 3985, as amended by Laws of 1921, chapter 144, adopting, by reference thereto, Articles of War and rules and regulations of the United States army, including provisions of National Defense Act of June 3, 1916, as amended by act of June 4, 1920, so far as applicable, for government of Arizona National Guard, under Constitution, article 16, and Constitution of the United States, article 1, section 8, and amendment 2, *held* valid, notwithstanding failure to incorporate entire text of federal regulations into the statute, notwithstanding Constitution, article 4, section 14, prohibiting amendment of statutes by mere reference thereto.

2. STATUTES—CONSTITUTIONAL PROVISION PROHIBITING AMENDMENT OF STATUTE BY MERE REFERENCE IS INAPPLICABLE TO ADOPTION OF ACT OF CONGRESS. — Constitution, article 4, section 14, prohibiting amendment of statutes by mere reference thereto, is inapplicable to legislature's adoption of act of Congress.

3. MILITIA—STATUTE PROVIDING FOR NATIONAL GUARD COURT-MARTIAL HELD CONSTITUTIONAL.—Civil Code of 1913, paragraph 3983,. and paragraph 3985, as amended by Laws of 1921, chapter 144, adopting Articles of War and rules and regulations of United States army, so far as applicable, for government of Arizona National Guard and detailing procedure by which a court-martial may exercise its jurisdiction, is not, as respects the provisions as to court-martial, unconstitutional, as conflicting with Constitution, article 2, section 20, declaring that the military shall be in subordination of the civil power.

---

1.  State militia as subject to Articles of War of the United States, see note in 40 **L. R. A.** (**N. S.**) 354. See, also, 18 **R. C. L.** 1054.

2.  See 25 **R. C. L.** 872–875.

See 27 **Cyc.** 497; 36 **Cyc.** 1061.

APPEAL from an order of the Superior Court of the County of Maricopa. F. C. Struckmeyer, Judge. Reversed and remanded, with instructions.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Mr. Earl Anderson and Mr. E. W. Mc-Farland, Assistant Attorneys General, for the State.

Mr. Thomas J. Croaff and Mr. Harold J. Janson, for Appellee.

LYMAN, J.—The state prosecutes this appeal from an order dismissing from custody one Altman upon his petition for a writ of *habeas corpus*. The petitioner suffered sentence by a court-martial of a fine of $10 or ten days in jail for disobedience of order to report for drill duty in the Arizona National Guard and National Guard of the United States, of which he was a member, upon his plea of guilty. The petition alleged, and the superior court found, that the court-martial was without jurisdiction to impose this sentence.

The offense involved was a violation of section 61 of the Articles of War, containing regulations for the government of the National Guard, enacted by Congress, and adopted by this state. We do not gather from the briefs filed that there is any criticism of the organization of the court-martial, or that the sentence imposed was without authority of statute, but it is said that there is no legislative authority in this state for bestowing such jurisdiction upon a court-martial, because of the constitutional declaration that the military shall be in subordination of the civil power. Section 20, art. 2, Ariz. Const.

There is also said to be some lack of formality by which this state adopted the regulations contained in the so-called Articles of War. The particular sections of the statute under which the court-martial assumed to act are as follows:

"3985.  The Articles of War, rules and regulations of the army of the United States, so far as same may be applicable, including those provisions of the National Defense Act approved June 3, 1916, as amended by act approved June 4, 1920, so far as the requirements of any provisions thereof apply to National Guards of states, shall apply to the organized National Guard of Arizona, its organization, and the terms of enlistment, the qualifications and examination of officers and enlisted men, the discipline, the training, and the officering of the Arizona National Guard, and all provisions as to courts-martial and efficiency boards, in all respects as fully as if reincorporated in the Military Code of Arizona.  That all provisions of the Military Code of Arizona in conflict with the requirements of the laws, rules and regulations as above adopted, are each and all hereby repealed.  The Governor, as commander-in-chief of the military forces of Arizona, shall have power to provide, adopt, issue and enforce such orders, rules and regulations connected with the National Guard of Arizona, as may be necessary to enforce and apply the laws of the United States pertaining to National Guards in states, the orders and regulations of the war department, each and every and all thereof as laws, rules and regulations governing and controlling the National Guard organization in this state.  And all such orders, rules and regulations of the commander-in-chief shall be and have the same force and effect as if specially enacted in provisions of this law, or elsewhere in the Military Code of this state."  Civ. Code 1913, as amended by Laws 1921, c. 144.

"3983.  For the purpose of collecting any unpaid fines or penalties imposed by any military court and approved by the reviewing officer thereof, the president of the court shall issue a warrant of commitment within ten days after the expiration of the time to appeal from such fines or penalties, unless appeal has been taken, in which event he shall issue the same within ten days after the appeal has been disposed of and notification has been given by the reviewing officer.  Such warrant shall be directed to the marshal of such court in the name of the state of Ari-

zona, commanding him to take the body of the delinquent and convey him to the common jail of the city or county in which he may be found, whose jailor shall closely confine him, without bail, for one day for any fine or penalty not exceeding two dollars and for one additional day for every two dollars or fraction thereof above that sum, unless the fine or penalty, together with the costs and jailor's fees be sooner paid. No such imprisonment shall extend beyond the period of twenty days and the prisoner may be liberated at any time by order of the officer who ordered the court that imposed the fines or penalties. All such warrants shall be returnable to the president of such court within thirty days from the receipt thereof by the marshal." Civ. Code 1913.

Paragraph 3983 details the procedure by which the court-martial may exercise its jurisdiction. That procedure seems to have been substantially followed in this instance, and the penalty imposed is within the authority given by this paragraph.

The means by which this state undertook to make applicable to the government of its National Guard the provisions of the so-called Articles of War are said by the appellee to have been ineffective for that purpose. What was done, as appears from the act above cited, was to provide by an act of the legislature that such articles be adopted by this state for the government of its National Guard. The state Constitution provides for the government of the militia as follows:

"Article XVI.
"Militia.

"Section 1. The militia of the state of Arizona shall consist of all able-bodied male citizens of the state between the ages of eighteen and forty-five years, and of those between said ages who shall have declared their intention to become citizens of the United States, residing therein, subject to such exemptions as now exist, or as may hereafter be created, by the laws of the United States or of this state.

"Section 2. The organized militia shall be designated 'the National Guard of Arizona,' and shall consist of such organized military bodies as now exist under the laws of the territory of Arizona or as may hereafter be authorized by law.

"Section 3. The organization, equipment, and discipline of the National Guard shall conform as nearly as shall be practicable to the regulations for the government of the armies of the United States."

By section 3 of this article, the organization, equipment and discipline of the National Guard shall conform as nearly as practicable to the regulations for the government of the armies of the United States, which is found in the Articles of War above referred to. Those articles were made applicable to the militia of this state in the most solemn, formal and explicit manner in which it is possible for the state to act, that is, by means of an act of the legislature.

It is said, however, that the legislature in adopting these articles should instead of merely referring to them have incorporated their entire text into the statute. Authority for such contention is sought in that section of the Constitution which provides that statutes shall not be "amended" by mere reference thereto, "but the act or section as amended shall be set forth and published at full length." Section 14, subd. 2, art. 4, Ariz. Const.

There is nothing in the terms of that constitutional provision that makes it in any way applicable to the adoption by the legislature of an act of Congress. That question has been repeatedly before the courts, which have uniformly decided that the legislature may adopt another act by reference thereto. *People v. Crossley*, 261 Ill. 78, 103 N. E. 537; *State v. Board of Commissioners*, 175 Ind. 400, 94 N. E. 716; *Commonwealth v. Alderman*, 275 Pa. 483, 119 Atl. 551; *Evans v. Illinois Surety Co.*, 298 Ill. 101, 131 N. E. 262; *State v. Cleary*, 152 La. 265, 92 South. 892; *Cath-*

*cart* v. *Robinson,* 5 Pet. 264, 8 L. Ed. 120; *Robinson* v. *Long Gas Co.,* 221 Fed. 398, 136 C. C. A. 642; *Robinson* v. *Belt,* 187 U. S. 41, 47 L. Ed. 65, 23 Sup. Ct. Rep. 16 (see, also, Rose's U. S. Notes).

There are some provisions of the federal Constitution which are not without application to the government of the National Guard by the several states. Section 8 of article 1 of that instrument provides that there is reserved "to the states respectively the appointment of the officers, and the authority of training the militia according to the discipline prescribed by Congress"; and the second amendment to the Constitution of the United States declares, "A well-regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." Hamilton, in XXIX Federalist paper.

It will be seen from the excerpts from the state Constitution that section 3, article 16, is directly responsive to the requirements of the Constitution of the United States. These so-called Articles of War, to which the petitioner pleaded guilty of violating, rest upon the authority of an act of the legislature of this state, and an act of Congress of the United States, both passed in obedience to the constitutional authority severally applicable. It would be difficult to find a law supported by clearer and less impeachable authority. The constitutional declaration that the militia shall be in strict subordination to the civil power is but a negative statement of the principle that the state shall be governed by laws enacted by the legislative branch of the government, and not by military dictation. In this instance no authority has been invoked which rests ultimately upon any military will. The court-martial has exercised its lawful jurisdiction in the enforcement of an act of the legislature in the manner and by the

means which the legislature has pointed out.    Within the scope of such legislative authority the officers of the National Guard may proceed to exercise their proper functions without the officious interposition of the courts.

The appellee, excepting by reference to some sections of the Constitution to which we have already referred, has two citations of authority.    One of them, *Manley* v. *State,* 62 Tex. Cr. 392, 137 S. W. 1137, involved a charge of murder against an officer of the National Guard, who was tried for the offense by the state court, and no question remotely connected with this controversy was raised in that case.

The other case cited is *Poole* v. *Peake,* 22 N. D. 457, 40 L. R. A. (N. S.) 354, 135 N. W. 197.    The opinion in that case, which related to the government of the National Guard, contains some statements which are indeed quite applicable here.    Among other things it says:

"In many of the states the Legislatures have seen fit to provide for the enforcement of discipline in the organized militia by fine and imprisonment imposed by courts-martial for infractions of rules and regulations, even in times of peace.    The right so to do is undoubted, but it was not exercised in this state until the new Military Code of 1909 was adopted. . . . 'The laws of nearly all the states have been revised with a view of conforming the organization and discipline of the organized militia to that of the regular army, and violations of military laws or regulations are now generally dealt with by military courts within the scope of their jurisdiction as defined by the state laws.' . . . The case of *State ex rel. Madigan* v. *Wagener, supra,* seems to be a leading authority, and we commend the opinion of Judge MITCHELL as a clear and sound statement of the law."

In the case there last cited of *State* v. *Wagener,* 74 Minn. 518, 73 Am. St. Rep. 369, 42 L. R. A. 749, 77 N. W. 424, the court-martial imposed a sentence upon a

26 Ariz.—41

member of the National Guard of a fine of $10, and in default of payment thereof imprisonment in the county jail for twelve days, as a penalty for absence without leave from regular company drill. Concerning such sentence the court says:

"Deprive the executive branch of the government of the power to enforce proper military regulations by fine and imprisonment, and that, too, by its own courts-martial, which from time immemorial have exercised this right, and we at once paralyze all efforts to secure proper discipline in the military service."

*Wales* v. *Whitney*, 114 U. S. 564, 29 L. Ed. 277, 5 Sup. Ct. Rep. 1050; *Swain* v. *United States*, 165 U. S. 553, 41 L. Ed. 823, 17 Sup. Ct. Rep. 448; *McGorray* v. *Murphy*, 80 Ohio St. 413, 17 Ann. Cas. 444, 88 N. E. 881; *In re Grimley*, 137 U. S. 150, 34 L. Ed. 636, 11 Sup. Ct. Rep. 54; *Ex parte Mason*, 105 U. S. 696, 26 L. Ed. 1213 (see, also, Rose's U. S. Notes).

The judgment imposed by the court-martial upon the petitioner was a proper exercise of its jurisdiction. The superior court erred in ordering the discharge of Altman, and such order is accordingly reversed and the proceedings remanded, with instructions to dismiss the petition.

McALISTER, C. J., and ROSS, J., concur.