SALLWASSER *v.* CITY OF LAPORTE.

[No. 25,828.   Filed June 27, 1933.]

A. J. Hickey, N. F. Wolfe, and J. B. Dilworth, for appellant.

Alfred J. Link, for appellee.

FANSLER, J.—Appellant brought this action to recover $1,577.12, which he claimed to be due him as an unpaid balance of his salary as mayor of the city of LaPorte, during the eight years, 1919 to 1926, inclusive. There was a trial, finding and judgment for the appellee.

The appellant assigns as error the overruling of his motion for a new trial, and the only question presented involves the construction of the statutes providing for salaries of the officers of cities of the fourth class during the period in question. During all of the time the city of LaPorte was a city of the fourth class. Section 80, clause 11, of the Cities and Towns Act of 1905 (§10295, Burns 1926), provides that in cities of the fourth class the mayor shall receive an annual salary to be fixed by ordinance, not exceeding $1,500.00. Under this statute appellant's salary was fixed by ordinance at $1,000.00. This section has never been amended or expressly repealed as far as fourth-class cities are concerned. Appellant contends, however, that it was repealed by implication by amended Section 43, as amended by the Acts of 1913, page 933. Section 43 of the original Act provides that the officers of cities shall consist of a mayor, a city judge, a city clerk, a city treasurer and councilmen. Section 88 provides for the appointment of a controller, and Section

91 provides for the appointment of a board of public works. Chapter 5 of the Acts of 1909, Acts of 1909, page 13, reclassifies cities, and abolishes the board of public works, city controller and city judge in cities of the third class, and provides for salaries of officers in cities of the third class. Chapter 188 of the Acts of 1909, Acts 1909, page 454, is entitled "An Act Concerning Municipal Corporations and to Amend Sections 42, 43, 45, 54, 82, 87, 91, 92 and 93 of an Act Entitled 'An Act Concerning Municipal Corporations,' approved March 6, 1905." There is no repealing clause, and Section 80 of the Acts of 1905, which provides the method of fixing the amount of the mayor's salary, is not referred to and, therefore, was left still in force, and we must consider it to have been the legislative intention that it should continue in force notwithstanding anything in the act last referred to. Chapter 344, Acts of 1913, page 933, is an act amendatory of Section 1 of the Act of 1909 last referred to. It has no repealing clause and does not expressly indicate a legislative intention to amend or modify Section 80 of the Act of 1905.

Repeals by implication are not favored and, therefore, Section 80 of the Act of 1905, must be treated as in full force and effect, and must be construed together with the other sections of that act as amended.

It will be noted that the Act of 1913 amends only Section 1 of the Act of 1909. Section 1 of the Act of 1909 amends Section 43 of the Act of 1905. The latter section refers to officers, terms, jurisdiction and successors; provides for the time of election; provides that in all cities of the first, second, third and fourth class there shall be elected a mayor, city clerk, city treasurer and city judge; and in cities of the first, second or third class which are not county seats, and in every city of the fourth class, a city treasurer, together with certain councilmen. Section 1 of the Act of 1909,

amending said Section 43, provides that the elective officers of cities shall consist of a mayor, city judge, city clerk, city treasurer and councilmen, except that in cities of the third class no city judge shall be elected; and except that in county seat cities the county treasurer shall perform all of the duties of city treasurer, provided that in county seat cities which own utilities having a certain income, there shall be a city treasurer elected. It provides further that cities of the fourth class having a population of more than twenty thousand after the census of 1910, which would make them cities of the third class thereafter, shall continue to be cities of the fourth class until the expiration of the term of office of the officers elected on the first Tuesday after the first Monday in November, 1909.

Section 43, as amended in 1913, follows the original section for two pages and a half. This part of the section provides for the elimination of the offices of city judge, city controller and board of public works in cities of the third class.

Beginning the new matter in the amendment [1913], and immediately following the provision that cities of the fourth class having a population of twenty thousand after the census of 1910 shall continue to be cities of the fourth class until the expiration of the term of office of the officers elected on the first Tuesday after the first Monday in November, 1909, is this provision:

"That any city of the fourth class having a city judge, a city controller and a board of public works, or any of them, and becoming a city of the third class at the expiration of the term of office of the officers elected on the first Tuesday after the first Monday in November, 1909, shall, upon becoming a city of the third class, continue to have such city judge, city controller and board of public works, unless abolished by ordinance of the common council enacted, in case of the city judge, at least thirty days before the city election."

This is followed by a provision that no city marshal shall be elected in any city of the fifth class having a board of metropolitan police commissioners and a metropolitan police force; and that in cities of the fourth class where the county treasurer shall act as city treasurer, his salary shall be fixed at $600.00, which may be increased to $1,000.00; and that in cities of the fifth class where the county treasurer acts as city treasurer, he shall receive a certain salary. This is followed by a provision concerning the county auditor where the county treasurer acts as city treasurer. All of which is followed·by a proviso:

"That the salaries of such city officers shall be fixed during the month of September preceding the election each four years and shall not be increased or lowered during the term for which any officer may have been elected or appointed, and the amount of salaries of such officers shall be fixed under the provisions of the law now in force governing the salaries of such officers in cities of the third class."

Appellant relies solely upon the proposition that this last quotation repeals Clause 11 of Section 80 of the Act of 1905, and that under this clause the salaries of officers of all cities of the fourth class must be fixed under the provisions of the law concerning the salaries of officers of cities of the third class, and that, therefore, he was entitled to a salary of not less than $1,500.00.

The Act of 1905 with all of its amendments, must be construed together, and all of the sections thereof must be given effect if possible.

The quoted clause can be reasonably construed as referring to the salaries of the city judge, city controller and board of public works of a city of the fourth class which shall become a city of the third class, since cities of the third class do not have such offices unless they are expressly provided for by ordinance. This

construction permits giving effect to all of the other sections of the Act and conflicts with none of them, whereas the construction contended for by appellant would work a repeal of Clause 11, Section 80, by implication where it is not at all necessary, and would place the salaries of officers of cities of the third and fourth class upon the same basis when nothing can be found in the statute indicating a legislative intention so to do, and where no sound reason can be found for so doing. The trial judge decided the case upon this theory.

We find no error in the record. Judgment is affirmed.