ROSENBLOOM *v.* HUTCHINS ET AL.

[No. 27,985.   Filed June 14, 1944.   Rehearing denied
September 26, 1944.]

*Rosenbloom & Saks,* of Gary, for appellant.

*George E. Hershman,* of Crown Point, for appellee.

FANSLER, J.—The appellant began this action by filing a complaint seeking to foreclose his lien upon a certain lot in the City of Gary, represented by a Barrett Law special assessment bond, and for a judgment against the county for the amount of the bond and interest. The defendant, Bessie M. Hutchins, filed an answer and cross-complaint, alleging that she had purchased the property in question from the auditor of the county after the auditor had purchased the property for the benefit of the school fund upon a sale for

the purpose of satisfying a delinquent school fund mortgage, which mortgage antedated the plaintiff's Barrett Law assessment lien. The facts were stipulated.

In 1923 a school fund mortgage upon the property in question, securing a loan of $4,000, was executed and recorded and became a lien. This loan was made by the county officers out of school funds entrusted to the county. The special assessment, which is the basis of the appellant's action, became a lien in 1927. The school fund mortgage was unpaid, and became delinquent in 1938, and in 1939 the auditor offered the property for sale, and, there being no bid for an amount sufficient to pay the mortgage, the auditor bid in the property on account of the school fund, and offered it for resale and sold the same to the appellee, Bessie M. Hutchins, for a sum less than the amount due under the mortgage, and executed to her a deed therefor, all as provided for in §§ 28-241 to 28-246, inclusive, Burns' 1933, § 6585 and §§ 6595 to 6599, inclusive, Baldwin's 1934. Upon this state of facts there was judgment for the defendants and against the plaintiff on the complaint, and a judgment for the cross-complainant and appellee, Bessie M. Hutchins, quieting her title to the property in question.

The error assigned questions the correctness of the result reached.

Article 8, Section 6, of the Constitution of Indiana provides: "The several counties shall be held liable for the preservation of so much of the said (school) fund as may be entrusted to them, and for the payment of the annual interest thereon." Section 28-104, Burns' 1933, § 6499-1, Baldwin's 1934, provides: "The several counties of this state shall be held liable for the preservation of so much of said (school) fund

as is entrusted or may have been entrusted to them, and for the payment of the annual interest thereon, at the rate established by law, the payment of which interest shall be full and complete every year, and shall so appear in the auditor's report to the superintendent of public instruction; and the said superintendent shall, at any time when he discovers from the report, or otherwise, that there is a deficit in the amount collected, for want of prompt collection or otherwise, direct the attention of the board of county commissioners and the county auditor to the fact, and said board of commissioners are hereby authorized and required to provide for such deficit in their respective counties." (Acts 1865, ch. 1, § 3, p. 3.) Section 28-234, Burns' 1933, § 6582, Baldwin's 1934, in force at the time the school fund mortgage was made, provides: "Mortgages taken for such loans of school funds shall have priority over all mortgages or conveyances which are not recorded previously to the recording of such school fund mortgages in the county in which the land lies and over all other liens not incurred or not appearing of record prior to such recording." It has been repeatedly held that under this section liens of school fund mortgages take precedence over subsequent taxes.

The appellant concedes that under the Constitution and statutes referred to the school fund mortgage would have precedence over his lien, but asserts that a certain portion of § 48-4406, Burns' 1933, § 12536, Baldwin's 1934, is in conflict with, and by implication repeals, the last-quoted section of the statute. The statute relied upon by appellant refers to the collection of liens of Barrett Law assessments, and the provision referred to is as follows: "Any and all liens created by any act of the legislature arising from special assessments against real estate for any public

improvements shall be prior and superior to all liens, including mortgages of every kind, but excepting taxes, and in the event of any delinquency on a school fund mortgage, and the sale thereof by the county auditor, such sale by such auditor shall be for an amount sufficient to pay any such lien or liens and such school fund mortgage; and in the event such auditor shall purchase any such real estate for the benefit of said school fund on which there shall be any such lien or liens, the same shall be paid by said auditor from said fund." The appellees agree with the appellant that the statutes are in conflict, but allege that the latter statute is unconstitutional for the reason that it would diminish the school fund, contrary to constitutional provision, and that it requires the county auditor to pay Barrett Law liens out of school funds, and that the title of the act is not sufficiently broad to permit of making Barrett Law liens prior and superior to the liens of school fund mortgages.

In construing statutes, courts look to the entire statutory structure upon the subject involved for the purpose of ascertaining the legislative intent, and a construction effecting a repeal by implication will be avoided if possible. It is true that § 48-4406, Burns' 1933, § 12536, Baldwin's 1934, *supra*, the statute relied upon by appellant, recites that the Barrett Law assessments "shall be prior and superior to all liens, including mortgages of every kind, but excepting taxes," and this would seem to be broad enough to include school fund mortgages. But there is nothing new in this. A statute in effect since 1905 provides that Barrett Law liens shall have such precedence. The bonds here involved arise out of a street improvement, and the particular statute relating to street improvement assessments provides that: "The

lien of the same shall have the precedence over all liens except taxes." Section 48-2711, Burns' 1933, § 11662, Baldwin's 1934. The provision is all-inclusive and is as broad as the one quoted above. Here, then, were statutory provisions that school fund mortgages were preferred over subsequent taxes, that Barrett Law assessments were not preferred over subsequent taxes, but that Barrett Law assessments were preferred over school fund mortgages. Perhaps it was to relieve the confusion arising out of these provisions that § 48-4406, Burns' 1933, § 12536, Baldwin's 1934, *supra*, was enacted. The first part of the provision, relied upon by appellant, and above referred to, adds nothing new on the question of priority of liens. The language quoted is followed by an express requirement that in the event of delinquency in payment of a school fund mortgage, "and the sale thereof by the county auditor, such sale by such auditor shall be for an amount sufficient to pay any such lien or liens and such school fund mortgage; and in the event such auditor shall purchase any such real estate for the benefit of said school fund on which there shall be any such lien or liens, the same shall be paid by said auditor from said fund." The last provision does not seem to contemplate priority for the Barrett Law lien; it provides for the payment of both liens as a condition to a sale by the auditor in the first instance, and for payment of the Barrett Law lien by the auditor out of the school fund in the event of purchase of the property by the auditor for the fund upon failure of a bid sufficient to pay both liens. When the property is ultimately sold by the auditor, the purchaser takes it free of the Barrett Law lien. The conclusion seems unescapable that it was intended that both liens should be paid in any event, and hence that no advantage was

intended in favor of the Barrett Law assessment as against the lien of the school fund. But the appellees object that payment of the Barrett Law assessment by the auditor out of the school fund, in cases where the auditor is the purchaser for the benefit of the school fund, depletes the school fund, contrary to the Constitution. But the Constitution does not prohibit temporary depletion; it provides merely that the counties shall be liable for the preservation of the fund. The fund is depleted when loans are made, but the loan is treated as an asset of the fund, and the county's liability does not accrue unless and until there is a delinquency. In theory, the benefit to the property assessed is always more than the amount of Barrett Law assessments, and hence the improvement for which the assessment is made may have been deemed a benefit to the county, which is ultimately responsible for the payment of the school fund mortgage. When property is resold by the auditor for the account of the school fund, and the amount received exceeds the amount due the school fund, including "principal, interest, damages, and costs, the overplus shall be . paid to the original mortgagor, his heirs or assigns, when collected." Section 28-245, Burns' 1933, § 6598, Baldwin's 1934. In the event the amount for which the property sold is less than enough to pay all such charges, the amount of the depletion of the school fund is determined, and the county is required to reimburse the fund.

So when the auditor purchases for the benefit of the school fund and pays the Barrett Law lien from the fund, under § 48-4406, Burns' 1933, § 12536, Baldwin's 1934, *supra*, the property purchased represents a school fund asset which is looked to primarily to produce on resale a sufficient sum to reimburse the school fund, not only for the amount

of the loan and interest, but for the amount paid by the auditor out of said fund to discharge the Barrett Law lien, interest, damages, and costs; and upon resale, if the property does not bring sufficient to discharge these entire amounts, the county is chargeable with the deficiency. This interpretation, we believe, reasonably reflects the legislative intention. As so interpreted, there is no conflict in the statutes, and the judgment against the plaintiff and in favor of Bessie M. Hutchins quieting her title was right. But the auditor did not pay the Barrett Law lien out of the school fund, as he might have been mandated to do at the time. Since the property was afterward resold for less than the amount due under the school fund mortgage, the county became liable for the deficiency in the school fund mortgage, and it would have become liable for the amount due under appellant's Barrett Law lien had that lien been paid out of the school fund as it should have been. A court of equity has ample power to require that to be done which should have been done, and the correct result can most directly be accomplished by charging the county now with the amount due under appellant's Barrett Law lien. No claim need be filed with the board of commissioners; the statute requires payment. Section 28-104, Burns' 1933, § 6499-1, Baldwin's 1934, *supra*, provides that "said board of commissioners are hereby authorized and required to provide for such deficit in their respective counties."

The judgment is affirmed as to the appellee, Bessie M. Hutchins. The cause is otherwise reversed, with instructions to enter judgment against the county commissioners for the amount due on appellant's lien.

NOTE.—Reported in 55 N. E. (2d) 315.