**Mittie BURD, An Infant, Who Sues by Her Father and Next Friend, Harry Burd, Plaintiff-Appellant,**

v.

**Dr. James Y. McCULLOUGH, Defendant-Appellee.**

**No. 11158.**

United States Court of Appeals
Seventh Circuit.

Nov. 29, 1954.

Herbert J. Backer, Indianapolis, Ind., Charles W. Morris, Frank A. Garlove, Louisville, Ky., Theodore R. Dann, Indianapolis, Ind., for plaintiff-appellant.

Thomas M. Scanlon, Indianapolis, Ind., Telford B. Orbison, New Albany, Ind., Albert Stump, Howard J. Cofield, Indianapolis, Ind., for defendant-appellee. Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., Bulleit & Orbison, New Albany, Ind., of counsel.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The appellant, Mittie Burd, a minor, sued the appellee, Dr. James Y. McCullough, for malpractice. The District Court sustained appellee's motion for summary judgment on the ground that the action was begun after the applicable two year statute of limitations. This appeal is taken from that judgment.

The dispute revolves about two separate Indiana statutes. One was enacted in 1941 and established a special limitation on malpractice actions:

"No action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, commenced or maintained, in any of the courts of this state against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless said action is filed within two years from the date of the act, omission or neglect complained of." Indiana Acts 1941, Ch. 116, p. 328, Sec. 2–627, Burns' Repl. 1946.

The other statute was enacted in 1881 and saved the rights of minors:

"Any person being under legal disabilities when the cause of action

accrues may bring his action within two years after the *disability is* removed." Indiana Acts 1881, Ch. 38, p. 247, Sec. 42, Sec. 2–605, Burns' Repl. 1946.

Section 2–4701, Burns' Repl. 1946, which is part of the same 1881 Act, defines the phrase "under legal disabilities" as including persons less than twenty-one years of age.

The appellee claims that the 1941 statute of limitations excludes application of the 1881 Act when it says that "no action of any kind" shall be brought for malpractice after two years. The appellant argues that the 1881 Act is an exception to all statutes of limitation which do not specifically provide to the contrary. The question has not been decided by the Indiana Courts, and we are called upon to determine what they would decide if the question were presented to them.

Of course, we must be guided by the intent of the legislature, if it can be determined. We find that Indiana has evidenced a desire to save the rights of those under disability and also a desire to limit malpractice actions to two years after the alleged wrong is inflicted. Which was intended to control on those occasions in which the two coincide? The fact that the legislature in all probability did not consider this question does not make our task easier. But fortunately we do not have to impose upon Indiana our own choice between these two legislative purposes, for over the years the state courts have developed rules of construction to guide courts in determining legislative intent.

There are several Indiana decisions that, although not on all fours with the case at bar, are closely analogous to it.

We may quickly dispose of the first two cases cited by the appellee, De Moss v. Newton, 1869, 31 Ind. 219, and Waugh v. Riley, 1879, 68 Ind. 482, because they were decided before the 1881 Act and held only that, in the absence of legislation preserving them, the rights of minors are cut off by a statute of limitations.

These cases were followed, however, by a case in the Indiana Appellate Court that was decided after the 1881 Act. Elliott v. Brazil Block Coal Co., 1900, 25 Ind.App. 592, 58 N.E. 736. This case involved the right to redeem land sold for taxes. The court held that a statute of limitations applied to minors as well as anyone else but it did not mention the 1881 Act. Thirteen years later that court held that the 1881 Act preserved a minor's right to bring action in the face of a special statute of limitations which had run, and cited the Elliott decision. Macy v. Lindley, 1912, 54 Ind.App. 157, 164, 99 N.E. 790, 792.

The Macy case is distinguishable from the one at bar, however. The decision there was based primarily on a special statute providing that infants and others under disabilities might redeem land sold for taxes within two years after removal of their disability. Indiana Acts 1891, Ch. 99, page 272, Sec. 193. Reference was made to the 1881 Act only because, procedurally, the plaintiff in that case chose to exercise her right to redeem her land by means of a motion to open judgment under an Indiana statute which placed a two year limit on the filing of such motions. The 1891 Act, applying only to redemption, was employed to allow her to redeem her land, and the 1881 Act was used to justify the procedural means used. In our opinion the 1891 Act served both purposes, and there was no need to rely on the general saving Act of 1881. Certainly the 1891 Act, specifically saving the right of minors to redeem land sold for taxes, dictated the court's decision, and we cannot say what the result would have been if the Indiana court had had only the 1881 Act to rely on.

The Macy case is further distinguishable because of the language used in the statute of limitations involved there. The two year limitation was simply added to the Act which created the right to open a judgment: "The Court * * * shall relieve a party from a judgment taken against him, through his mistake,

inadvertence, surprise or excusable neglect, and supply an omission in any proceedings *on complaint or motion filed within two years."* Ind.Acts 1881, Ch. 38, p. 264, Sec. 135. [Emphasis supplied.] The 1941 statute, with which we are faced, was enacted solely as a statute of limitations and is phrased in much stronger language: "No action of any kind * * * shall be brought * * *." Ind.Acts 1941, Ch. 116, p. 328, Sec. 1.

Perhaps the best discussion of this problem by an Indiana court is contained in Evansville Ice & Cold Storage Co. v. Winsor, 148 Ind. 682, 689–690, 48 N.E. 592, 594–595. In that case the Indiana Supreme Court held that the 1881 Act did not save a minor's right to contest a foreign will in the face of a statute specifically limiting attacks on foreign wills to three years after probate. But the court there had strong reasons for holding as it did. The case involved an 1852 statute saying that: "Infants and persons absent from the state or of unsound mind shall have two (2) years after their disabilities are removed to contest the validity or due execution of such will." Sec. 7–512, Burns' 1933 (repealed by new Probate Code).

The statute of limitations in that case was passed subsequently to the 1852 Act and after establishing the same limit for contesting foreign wills as had always applied to domestic wills it said: *"Provided,* That nothing in this section shall be so construed as to allow the contest of any foreign will which may have been probated, or filed and recorded, in any county of this state more than three (3) years before the commencement of such contest." Sec. 7–513, Burns' 1933 (repealed by new Probate Code).

The court, very reasonably, concluded that the proviso was inserted specifically to limit the saving provisions of the 1852 Act to domestic wills. The plaintiff in that case also claimed that the 1881 Act, which is involved in the case at bar, saved her right to contest the foreign will. But since the court had just held

162

that the legislature had specifically excluded foreign wills from the effect of the 1852 Act, which saved the rights of those under disability to contest a will, it could not allow the same result under another statute.

Thus, of the Indiana cases cited by both parties we have not found any that decide the exact question we have here. Evansville Ice & Cold Storage Co. v. Winsor, supra, and Macy v. Lindley, supra, have been distinguished above, and Elliott v. Brazil Block Coal Co., supra, doesn't mention the 1881 Statute. Our only recourse is to the general rules of construction announced by the Indiana courts.

■ That part of the 1881 Act, preserving the rights of action of persons under disability, must be read with the 1941 limitation on malpractice actions. Starr v. City of Gary, 206 Ind. 196, 188 N.E. 775; Snyder v. Thieme & Wagner Brewing Co., 173 Ind. 659, 90 N.E. 314; Hester v. Town of Greenwood, 172 Ind. 279, 88 N.E. 498. If possible, the two statutes must be harmonized. Rosenbloom v. Hutchins, 222 Ind. 590, 55 N.E.2d 315; Wayne Township v. Brown, 205 Ind. 437, 186 N.E. 841; Kramer v. Beebe, 186 Ind. 349, 115 N.E. 83.

■ But reading these two Acts together we see that neither is ambiguous and that they are clearly inconsistent. One says that any person under disability may bring action within two years after the disability is removed. The other says that *"no action of any kind"* shall be brought for malpractice more than two years after the act complained of. If we give effect to either statute the other will be limited to that extent. The Indiana courts have held that when two statutes are in conflict, the later in time shall control. Hamilton County Council v. State ex rel. Groff, 227 Ind. 608, 87 N.E.2d 810; Brumfield v. State ex rel. Wallace, 206 Ind. 647, 190 N.E. 863; Newbauer v. State, 200 Ind. 118, 161 N.E. 826; Stiers v. Mundy, 174 Ind. 651, 92 N.E. 374; Cleveland v.

Emerson, 51 Ind.App. 339, 99 N.E. 796. It has also been held that a statute limited to a specific situation will repeal a general statute to the extent that they are inconsistent. Detrich v. Howard, 7 Cir., 155 F.2d 307, 309; Daly v. Carr, 206 Ind. 554, 190 N.E. 429 and 612; Western & Southern Indemnity Co. v. Cramer, 104 Ind.App. 219, 10 N.E.2d 440. The 1941 limitation on malpractice actions is entitled to precedence under both these rules. We feel that, since one of these acts must be limited, we have no choice under the Indiana authorities but to limit the earlier and to hold that the 1941 Act applies to minors as well as all others.

■■ There are further indications that the Indiana General Assembly did not consider that the 1881 Act would be an exception to the 1941 statute of limitations. In 1919 the legislature enacted a statute letting the owner or occupant of land sold for taxes redeem that land within two years. Sec. 64–2301, Burns' Repl. 1951. At the same time the legislature specifically provided that infants, etc., could redeem within two years after expiration of their disability. Sec. 64–2302, Burns' Repl. 1951. If the 1919 legislature had thought that the 1881 statute was an exception to its 1919 limitation on redemption, it would have been unnecessary to specifically exclude minors, etc., in that act. We are instructed by the Indiana courts to assume that the legislature has all previous statutes on the same subject before it when it enacts a law, State ex rel. Linthicum v. Board of Commissioners of Vanderburgh County, 175 Ind. 400, 94 N.E. 716; and, if possible, to construe statutes as having some effect, Sallwasser v. City of La Porte, 205 Ind. 248, 186 N.E. 297.

Applying the Indiana authorities to the case at bar, we are led to the conclusion that the 1941 Act repeals the 1881 Act to the extent of malpractice actions.

The decision of the District Court is

Affirmed.