STATE EX REL. BLACK *v.* BOARD OF SCHOOL COMMISSION-
ERS OF THE CITY OF INDIANAPOLIS.

[No. 26,174.   Filed November 3, 1933.]

*Oswald Ryan, Charles F. Remy, Davis Harrison,* and
*William H. Remy,* for appellant.

*Albert Baker* and *G. R. Redding,* for appellee.

ROLL, J.—This was an action by appellant to mandate appellee to reinstate her as teacher in Indianapolis schools.

Appellant's amended complaint was in one paragraph, to which appellee filed a demurrer. The trial court sustained the demurrer, and appellant refusing to plead further, elected to stand on her amended complaint, and the court thereupon rendered judgment for appellee. The only error assigned is the sustaining of appellee's demurrer to appellant's amended complaint.

The complaint alleges in substance, that the defendant is, and was at all times referred to herein, a school corporation, organized and existing under the laws of the state of Indiana, and operating the public school system in the city of Indianapolis, said county and state; that the plaintiff is now, and has been for more than eight years last past, without interruption or intermission, a teacher, in said school corporation, in the public schools of said city of Indianapolis, and that for more than three years last past has been a permanent teacher in said school corporation under and by virtue of the Teachers' Tenure Law, Acts of 1927, Chapter 97 (§§6967.1-6967.6, Burns Supp. 1929, §§6003-6008, Baldwin's 1934) ; and that this plaintiff, as a permanent teacher in said school corporation, is the possessor of an indefinite contract with the defendant to teach in the public schools of said city, which said indefinite contract is evidenced by a written contract fixing and regulating certain provisions for the determination of the date of the beginning and end of school terms and similar matters authorized by and in harmony with section one of the Teachers' Tenure law.

Relatrix avers that at the end of the school year 1930-1931, her indefinite contract as a permanent

teacher, above referred to, by intendment of law and by virtue of the Teachers' Tenure Law, was in full force and effect; that said indefinite contract was never succeeded by a new contract within the meaning of the Teachers' Tenure Law and had never been cancelled within the meaning of said law; that her said indefinite contract is now in full force and effect under said law; that on the 16th day of June, 1931, the defendant unlawfully, unreasonably, wrongfully, and arbitrarily attempted to cancel, terminate, and repudiate said indefinite contract of the relatrix by unlawfully, unreasonably, wrongfully, and arbitrarily adopting an order to the effect that its relation with the relatrix be terminated; that said order and said attempted repudiation of said indefinite contract of the relatrix were done and made without any knowledge of, or notice to the relatrix, and without any warning or intimation whatsoever, although it was the duty of said defendant not less than thirty nor more than forty days before the consideration of the attempted cancellation of said indefinite contract to notify the relatrix of the exact date, time, and place, when and where said cancellation should be considered, and to give said relatrix the opportunity, as by law required, for a hearing and to give opportunity to her to present testimony as to the proposed attempted cancellation of said indefinite contract; and the relatrix avers that there was not then and never was, any legal cause whatsoever for the attempted cancellation of said indefinite contract, as the defendant well knew, but that said action of the defendant was arbitrarily and unlawfully taken in violation of the provisions of the Teachers' Tenure Law.

The relatrix avers that said action of the defendant, described as aforesaid, has deprived her of her right to continued employment as a permanent teacher with an indefinite contract under and by virtue of the provisions

of the Teachers' Tenure Law; that as her said right to employment has been invaded by the defendant, said right being a continuing one, no adequate provision, and no sufficient relief exists or is available under the law to compensate her for the cancellation of her said indefinite contract as a permanent teacher, as above alleged; that it is the duty of the defendant to reinstate her in her right as a permanent teacher in said school corporation, but that the defendant refused so to reinstate and restore said teacher to her said right and to her teaching position in said school corporation, and defendant still fails and refuses and denies to this plaintiff the right to teach in said schools in accordance with her rights in her said indefinite contract under the Teachers' Tenure Law.

A copy of relatrix' contract with appellee is attached to and made a part of her amended complaint.

Appellee's first proposition to sustain the judgment is, that relatrix does not bring herself within the provisions of §2 of the Teachers' Tenure Act, Acts 1927, p. 259, for the reason, the complaint shows on its face that the relatrix and the appellee entered into a new contract before the beginning of the school year, September 1, 1930—June 30, 1931, and that by reason of having signed a new contract she forfeited her right as a permanent teacher with an indefinite contract, and became a *permanent teacher with a definite contract.* Section 2 purports to govern the procedure in cancelling the contract of a permanent teacher with an *indefinite* contract and not the contract of a permanent teacher with a *definite* contract. Appellee bases his contention on the latter part of §1 which reads as follows:

"Such an indefinite contract shall remain in force unless succeeded by a new contract signed by both parties unless it shall be cancelled as provided in §2 of this act."

Appellee argues that under this provision of the statute, relatrix' indefinite contract was succeeded by a new contract and thereafter she was a permanent teacher with a *definite* contract. It is difficult to follow appellee's argument on this point. If the new contract, herein, was as appellee contends, a definite contract of employment, fixing the beginning and ending of all contractual relation between the parties, then relatrix was not in fact a permanent teacher. Relatrix would be in the anomalous situation of having a permanent tenure with appellee corporation but with no contract defining their respective rights. The contract, by its own terms expired at the end of the school year, June, 1931. If relatrix' contract expired by its own limitation in June, 1931, there was no occasion for appellee to attempt to cancel the same. Relatrix would be in no better position than she was when she first began to teach for appellee corporation. Her tenure was no longer than it was the first year, as both terminated at the end of the school year. Section one of the Teachers' Tenure Act defines a "permanent teacher" as one who has taught for the same school corporation for five (or more) successive years and who thereafter enters into a contract to teach for the same corporation for a sixth (or subsequent) year. Relatrix qualifies under this section of the act as a "permanent teacher." The statute further provides that:

> "Upon the expiration of *any* contract between such school corporation and a permanent teacher, *such* contract shall be deemed to continue in effect for an indefinite period and shall be known as an indefinite contract. Such an indefinite contract shall remain in force unless succeeded by a new contract signed by both parties, etc." (Our italics.)

It seems clear that by the above provisions of the statute that when relatrix had taught for appellee corporation

for five (or more) successive years and thereafter entered into a teacher's contract for further services she became a permanent teacher of appellee corporation, and *that* contract became the "indefinite contract," and remained in full force and effect until succeeded by a new contract or cancelled as provided in §2 of said act. We do not think that it was the intention of the legislature, by the above provision, to ,ose to both the state (school corporation) and to the teacher the rights and advantages obtained by them under this statute, by reason of the fact that the proper school officers and the teacher entered into a new contract for the ther services of said teacher, unless the new contract early indicated that such was their intention.

Appelle further argues that a writ of mandate is not available to enforce a contractual obligation and makes the point that if the relatrix has any legal claim against appellee it can be compensated in a money judgment. This proposition of course is based upon his former proposition that the relatrix is a permanent teacher with a definite contract, and therefore under the terms of her contract appellee is under no legal duty to renew his contractual obligations with her. As stated above we cannot agree with appellee's position, but are of the opinion relatrix was a permanent teacher with an indefinite contract and that a writ of mandate is the proper remedy. *School City of Elwood et al.* v. *State ex rel Griffin et al.* (1932), 203 Ind. 626, 180 N. E. 471; *Kostanzer et al.* v. *State ex rel. Ramsey* (1933), ante 536, 187 N. E. 337.

Appellee's last contention is that the Teachers' Tenure statute of 1927 has been repealed insofar as that statute relates to the school city of Indianapolis by the Acts of 1931, p. 291. Appellee contends that §§7 and 9 of the Acts of 1931, p. 291 (§§6308, 6310, Baldwin's Ind. Ann. Stat. 1934), are inconsistent with

the teachers' tenure acts and repeals the same by implication. Section 7 provides in part as follows:

"The board shall have power to determine the number of assistant superintendents, supervisors, teachers and employees, and to prescribe their duties and fix their compensation. The board shall adopt rules for obtaining, by open competition and without regard to religion or political belief, eligible lists from which teachers and all other employes in the educational and library department, except the superintendent, assistant superinte nts, supervisors, principals of the high schools the librarian, shall be selected and their sele n shall be made with regard only to their fitness ler the rules so adopted."

Section 9 provides in part as follows:

"The superintendent of schools of su school city shall have power to appoint and disc e all principals, supervisors, assistants, teach. and other employees in the educational depa ient, authorized by the board, subject to the lir ions in this act stated, . . ."

The Indianapolis School Codification Act (Ac 1931, pp. 291-318) contains no repealing clause and st, if it can be reasonably done, be construed in cc tion with the Teachers' Tenure Act, so that both ma tand, as the repeal of a statute by implication is not and it is only when the earlier and later acts in irreconcilable conflict, that the earlier act is repealed. *Pomeroy* v. *Beach* (1898), 149 Ind. 511, 49 N. E. 370; *State* v. *City of Noblesville* (1901), 157 Ind. 31, 60 N. E. 704. By construing §7 of the Acts of 1931, *supra,* as applying only to the employment of teachers that are not permanent teachers under the Teachers' Tenure Act, we eliminate any apparent conflict between the two acts, and we think this is the reasonable and proper construction of §7 and §9 of the Acts of 1931. Permanent teachers with indefinite contracts are not employed

each year but their employment dates back to the date of their contract whereby they became permanent teachers with an indefinite contract, and are not employed each year within the meaning of §7 and §9 of the Acts of 1931, p. 291.

We find no such conflict between these two statutes that would warrant us in holding that the Teachers' Tenure Ac. was repealed by the Acts of 1931, p. 291, as far as the school city of Indianapolis is concerned.

Judgment reversed with instructions to the lower court to set aside the judgment heretofore rendered in this cause and to overrule appellee's demurrer to appellant's complaint, and for further proceedings not inconsistent with this opinion.