SPICE VALLEY SCHOOL TOWNSHIP OF LAWRENCE COUNTY *v.* RIZER.

[No. 27,077. Filed June 7, 1938. Rehearing denied September 28, 1938.]

*Chester A. Davis, Boruff & Boruff*, and *Owen S. Boling*, for appellant.

*Robert L. Mellen*, and *James M. Tucker*, for appellee.

SHAKE, J.—The pending motion to dismiss this appeal is hereby denied on the authority of *Board of Public Safety of the City of Muncie* v. *Walling* (1934), 206 Ind. 540, 187 N. E. 385.

Appellee brought an action to recover upon an indefinite teacher's tenure contract. The case was put at issue by a general denial and tried on a second paragraph of complaint. This paragraph alleged that the appellee was a duly licensed teacher under the laws of Indiana; that on September 8, 1929, he entered into a written contract with the appellant to teach for a term of eight months, beginning on September 9th of that year; that pursuant to said contract he did teach during said term; that on September 4, 1930, appellee entered into another contract with said township to teach in its schools, and duly performed said contract; that prior to entering into the contract of September 8, 1929, he had taught in the public schools of said township for more than five years continuously and was, by reason thereof, a permanent tenure teacher; that the township trustee refused to furnish appellee employment as a teacher during the school year beginning in September, 1931, although appellee was at all times ready, willing, able and qualified so to do, and tendered his services to the trustee for that purpose; and that appellee was entitled to recover $1,800 on his contract. The contract entered into September 8, 1929, was made an exhibit to the second paragraph of complaint, but the contract of September 4, 1930, was not. There was a judgment against the appellant for $1,800, followed by a motion for a new trial, which assigned that the decision was not sustained by sufficient evidence, that

it was contrary to law, and that the court erred in excluding appellant's exhibits 2, 5, and 7.

The errors relied upon by the appellant may be summarized as follows: (1) That the contract sued upon is a necessary part of the complaint; that since the 1929 contract was made an exhibit and that of 1930 was not, the action must be deemed to be predicated upon the former, and since another contract was entered into subsequently thereto, the permanent contract relied upon had been conclusively abrogated by the parties; (2) that the exhibits offered and rejected were admissible under the answer in general denial to prove the cancellation of the tenure contract.

Both the 1929 and the 1930 contracts contained the following provision: "It is further agreed by the contracting parties that all the provisions of the Teacher Tenure Law approved March 8, 1927, shall be in full force and effect in this contract." In the case of *State ex rel. Black* v. *Board of School Commissioners of City of Indianapolis* (1933), 205 Ind. 582, 586, 587, 187 N. E. 392, this court held that a teacher's indefinite contract is not terminated by a new contract subsequently entered into between the parties unless the intention to abrogate the indefinite contract is clearly indicated in the new agreement. After quoting the statute this court said: "It seems clear that by the above provisions of the statute that when relatrix had taught for appellee corporation for five (or more) successive years and thereafter entered into a teacher's contract for further services she became a permanent teacher of appellee corporation, and *that* contract became the 'indefinite contract,' and remained in full force and effect until succeeded by a new contract or cancelled as provided in §2 of said act. We do not think that it was the intention of the legislature, by the above provision, to lose to both the state (school corporation) and to the teacher the rights and

advantages obtained by them under this statute, by reason of the fact that the proper school officers and the teacher entered into a new contract for the further services of said teacher, unless the new contract clearly indicated that such was their intention." The language quoted is found in that part of the above opinion omitted from the official report by the state printer, but the error has since been corrected by the order of this court. The contract sued on in this action is therefore the appellee's indefinite tenure contract, and not the specific contract of 1929 or 1930. There is no showing by the pleadings or the evidence that the permanent contract has been abrogated.

Appellant's exhibits 2, 5, and 7, which were offered in evidence and rejected, disclose a proceeding on the part of the trustee of the school township to cancel the appellee's permanent contract. Exhibit 2 purports to be a notice to the teacher dated June 8, 1931, advising him that a hearing would take place on July 10th of that year to consider the cancellation of his indefinite contract. Exhibit 5 is a record of the findings of the township trustee made at the hearing referred to in exhibit 2. The findings bear date of June 26, 1931. Exhibit 6 is a letter from the county superintendent of schools to the township trustee stating that in the opinion of the writer the charges for the cancellation of the appellee's contract had been established and that the proceedings were legal. From these exhibits it would appear that the attempted cancellation of the appellee's contract occurred on July 10, 1931. The record discloses that the school term for 1930-1931 was completed before June 8, 1931, the date upon which appellee was notified that charges against him would be considered on July 10th of that year. The tenure act of 1927 provides: "That when the cause of cancellation of an indefinite contract is not immorality or insubordination, as defined

in this act, such cancellation shall go into effect at the end of the school term following such cancellation." (Acts of 1927, ch. 97, §2, p. 259, §28-4308 Burns' Ann. St. 1933.) The appellee was not found guilty of immorality or insubordination. The complaint upon which the case was tried involves a claim for compensation as a teacher for the school year 1931-1932. It follows, therefore, that the introduction in evidence of appellant's exhibits 2, 5, and 7 would not be calculated to establish any fact to defeat the appellee's right to teach for the school term of 1931-1932. There was no error in refusing to admit these exhibits in evidence.

The judgment is affirmed.