SQUARE D COMPANY *v.* O'NEAL

[No. 28,265. Filed April 29, 1947.]

*Jones, Obenchain & Butler*, of South Bend, for appellant.

*Henry L. Humrickhouser*, of South Bend, *Leon H. Wallace*, of Bloomington, *Amicus Curiae*, for appellee.

STARR, J.—The Square D Company filed its petition to transfer to this court from the Appellate Court a certain cause entitled *Square D Company* v. *Roy O'Neal*, wherein the Appellate Court, in an action to review an award of the Industrial Board, had affirmed said award and denied said company's petition for rehearing. The clerk of this court refused to file the petition to transfer until the company deposited the sum of $50, which deposit was made and is now in the hands of the clerk. The clerk's refusal was based solely upon § 4-215, Burns' 1946 Replacement, Part 2, which requires a deposit of $50 as a condition precedent to the filing and consideration of a petition to transfer. At the time of the deposit and the filing of the petition to transfer the company also filed a petition in this court for a refund of this deposit on the ground that to require same is without warrant in law for the reasons set out later in this opinion. In due course the company's petition to transfer was denied and at the time of the denial, on order of this court, the petition for refund was docketed in this court as a separate action.

The first contention as set out in this petition is that the provision contained in § 4-215 which requires a deposit of $50 is inconsistent with and has been superseded by Rule 2-23, 1946 Revision which as now written, has been a rule of this court since the 1943 Revision. Said § 4-215, is the section which purports to grant to the losing party in

the Appellate Court the right to a transfer to this court.
The statute among other things provides:

> "The party seeking to file such application"
> (petition to transfer) "shall, at the time of such
> filing, deposit with the clerk of the Supreme Court
> a cash deposit in the sum of fifty dollars ($50.00).
> Upon the filing of such application, and said cash
> deposit, the clerk shall not certify to the lower
> court the opinion and judgment of said division of
> the Appellate Court, unless and until the Supreme
> Court denies the application. If the application
> be denied the said deposit of fifty dollars ($50.00)
> shall be paid by the clerk to the successful party
> or parties in the appeal for the defrayment of
> expenses incurred by said party or parties for
> briefing and other costs incidental to the appeal.
> If the application be granted . . . the full amount
> of said cash deposit shall be returned to the party
> or parties making such application."

Rule 2-23 of this court provides the various grounds
for which a transfer may be had. This rule is silent
as to any deposit of money being required upon the
filing of a petition to transfer. It is true that the rule
under consideration, as to matter of practice and pro-
cedure, is all inclusive. If, therefore, the provision of
said § 4-215 which requires this deposit of money, is a
matter of practice or procedure then it has been super-
ceded by the rule in question; but the requirement of
the deposit of money as provided in said § 4-215 is
neither a matter of practice nor procedure but is a
part of our substantive law. *Latshaw* v. *State ex rel.*
(1901), 156 Ind. 194, 59 N. E. 471. No rule which we
could adopt would repeal this requirement. This court
cannot change a rule of substantive law nor could the
General Assembly vest us with such legislative power.

Petitioner insists that even though we should deter-
mine that the portion of the statute above set out has
not been superseded by Rule 2-23 it could not apply in

the instant case, the contention being that the provision applies only to cases which have been appealed to the Appellate Court and that it could not apply to a review by the Appellate Court of an award of the Industrial Board. In support of this contention our attention has been called to the case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, wherein this court says that the Legislature has not provided any procedural machinery for appeal to this court of judgments of the Appellate Court in compensation matters and that in such cases we borrow the statutory machinery for transfer of appeals in ordinary cases. The court as now constituted does not agree with the above statement in the case last cited.

At a time when it was thought that the Legislature had exclusive authority to provide rules as to a transfer of cases this court in the case of *Curless* v. *Watson* (1913), 180 Ind. 86, 91, 102 N. E. 497, said:

> "In § 4, Art. 7, of our Constitution the Supreme Court was given jurisdiction over *appeals and writs of error* (our italics). 'Writs of error' had a definite meaning then, and has yet, viz., 'A writ authorizing an appeal from an inferior court, assigning error in the proceedings as relating only to matters of law, arising upon the face of the proceedings, so that no evidence is required to substantiate or support it.' The Constitution authorizes the legislature to make such regulations and restrictions as it might see fit, § 4, Art. 7, *supra*. This the legislature has done from time to time by providing rules as to the transfer of cases from other courts to the Supreme Court, and this takes the place of the Constitutional 'appeals' and 'writs of error.' The question presented to the court in this case is, 'Has the writ of error been abolished in this state?' This question cannot be important for the reason that our statutory appeal takes its place, and makes full provisions for the transfer of cases to this court, in every case, which the legislature has thought proper to be reviewed

on appeal. It makes no difference in what manner, a case may be transferred for review so long as the legislature, under its power to regulate and restrict *'appeals'* and *'writs of error,'* has made some provision . . . The legislature has a right to call the writ of error 'an appeal' or 'certiorari,' and provide the manner and condition of taking the appeal to the Supreme Court, but when that is done its powers and duties are at an end."

Other than the inference that the Legislature can limit appeals to those it thinks proper and that the ultimate right to make rules of procedure rests in the Legislature, we fully approve of the foregoing quotation.

The first statutory provision for a transfer of cases from the Appellate Court to this court was made by § 10, ch. 247 of the Acts of 1901. The title of this act was "AN ACT concerning appeals, increasing the number of Judges of the Appellate Court, providing that the same shall sit in two divisions, defining their jurisdiction and the jurisdiction of the Supreme Court, repealing former laws and declaring an emergency." As originally enacted this statute made no provision for the deposit of money in any amount on the filing of a petition to transfer. By § 1, ch. 151, Acts 1933, which is said § 4-215, said § 10 of the Acts of 1901 was expressly amended to include the deposit. The matter so included is within the purview of the section sought to be amended. Section 4-215 in speaking of rehearings "in any case" and in speaking of an application to transfer which is conditional upon a petition for rehearing having been overruled refers to the "transfer of the case"; the language used is broad enough to require the money deposit in any kind of a case.

It is true that the Acts of 1901 is limited by its title to appeals but this title is broad enough to cover the

provisions of said amendment. It is fair to assume that by the term "appeals" is included reviews by the Appellate Court of proceedings of the industrial board or any other administrative board. The General Assembly has often used the word "appeal" instead of "review" where it has provided for a court review of the findings of an administrative body. For example see § 63-1306, Burns' 1943 Replacement which provides for "appeals" from the State Board of Medical Registration and Examination of Indiana. Also see § 40-1512, Burns' 1940 Replacement, Acts 1929, ch. 172, § 61 which provides for "appeals" from an award by the Industrial Board to the Appellate Court. It will be noted that the title of the last cited act nowhere provides for a review by the Appellate Court; the language used is ". . . to provide for appeals . . ."

We conclude that said Rule 2-23 and that portion of § 4-215 above quoted, apply to all cases including the case under consideration. We did not borrow the machinery of transfer in this case, but this machinery has always been ample to cover a case such as we have before us.

It is further insisted that the portion of § 4-215 here involved, violates Art. 1, § 12 of our Constitution which provides;

"All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely and without denial; speedily, and without delay."

This provision of our Constitution "was intended to prohibit . . . gratuities or exactions given or demanded for the direct purpose of influencing the course of legal

proceedings." *Perse* v. *Hallett* (1881), 13 R. I. 363, and is to prevent the selling of justice by the sovereign. *Perse* v. *Hallett, supra.* The last mentioned case has been quoted with approval by this court. *State, ex rel.* v. *Laramore* (1911), 175 Ind. 478, 94 N. E. 761. It is our opinion also, that costs and fees might, by statute, be made so burdensome and unreasonable as to work a denial of justice as was intimated in the last mentioned case.

The section of our Constitution last quoted must be read in conjunction with Art. 7, § 4 thereof which provides:

"The Supreme Court shall have jurisdiction, co-extensive with the limits of the State, in appeals and writs of error, under such regulations and restrictions as may be prescribed by law. It shall also have such original jurisdiction as the General Assembly may confer."

In other words said Art. 1, § 12 does not prohibit the Legislature from imposing regulations and restrictions as to how this court may take jurisdiction; it cannot, however, take jurisdiction away from this court. Any regulation which would virtually deny our citizens the right to resort to this court would necessarily be unreasonable.

From our examination of the involved portion of § 4-215 it is our opinion that the required deposit is a cash security for statutory costs and is a regulatory provision which is not unreasonable. The burden of this payment is far outweighed by the fact that it tends to prevent the filing of frivolous and vexatious petitions to transfer. The statement in *Warren* v. *Indiana Telephone Co., supra,* in defense of the statute prohibiting appeals in civil cases involving $50.00 or less can be applied to the case at bar, to wit:

"The administrative expense necessary for the operation of this court is not inconsiderable. In addition to the personnel of the court, there must be maintained a clerk's office, an official reporter, a sheriff, and other employees. The opinions of the court are required to be written and published. The burden of this expense ultimately rests upon the shoulders of the taxpayers, and they have a right to demand that the time of this tribunal shall not be consumed with trivial and inconsequential matters."

Petitioner's final contention is that the legislative requirement for this deposit violates §§ 3 and 4 of Art. 7 and § 1 of Art. 3 of our Constitution due to the fact that it is a legislative infringement upon the jurisdiction of this court. As we have heretofore pointed out in this opinion the legislation complained of is not an infringement upon jurisdiction and therefore does not violate any of said sections.

It is our conclusion that said petition should be and is hereby denied.

NOTE.—Reported in 72 N. E. (2d) 654.