## SWAIN v. CITY OF PRINCETON ET AL.

[No. 20,607; 20,608. Filed November 8, 1967.
No petition for rehearing filed.]

*Marvin Stratton, Stratton & McGaughey,* of Petersburg, *Richard C. Rusk, Richardson & Rusk,* of Washington, for appellant.

*McDonald & McDonald,* of Princeton, for appellees.

BIERLY, J.—These causes were originally filed in the Gibson Circuit Court, and upon motion by defendants for a change of venue, said causes were venued to the Pike Circuit Court. Subsequently thereto, plaintiff filed a motion for a

change of venue from Pike County, and as a result thereof the cause was venued to the Knox Circuit Court for further proceedings.

Plaintiff offering no objection to defendants' motion to consolidate the two causes of action, the court, on June 3, 1965, ordered the causes consolidated for the purpose of trial after the issue or issues were formed. Defendants, by their attorneys, separately and severally filed a motion for a summary judgment for defendants on January 21, 1966, and notice was given for a hearing thereon on February 4, 1966, at 9:00 A.M., but on February 3, 1966, said hearing was reset on February 10, at 9:30 A.M., on which date the court heard argument, and in connection therewith the defendants filed a written brief.

At the request of plaintiff, the plaintiff was granted until February 28, 1966, to file an answer brief.

The court, on the 21st day of March, found for the defendants on their separate and several motions for a summary judgment, and the court found that the allegations in the said motions are true.

The court's judgment reads as follows: "It is therefore ordered and adjudged that plaintiff, Roy M. Swain, take nothing by his amended complaint herein."

Plaintiff-appellant filed a motion for a new trial on April 11, 1966, which motion was overruled by the court on April 25, 1966.

On June 20, 1966, the last day for filing the transcript and assignment of errors, appellant filed his petition in each case for an extension of time within which to file the transcripts. These petitions were granted. Appellant's verified petition alleged in part as follows:

"3. The last day upon which appellant's assignment of errors and the transcripts may be filed herein is the 20th day of June, 1966, unless the court grants an extension of time.

"4. That, notwithstanding due diligence of the appellant who is seeking a review of the said award, it will be impossible to procure a transcript of the proceedings filed in said action to permit the filing of appellant's assignment of errors and transcript within the time allowed."

Both transcripts show that the clerk's certificates were dated June 15, 1966, which was 5 days prior to the filing of the petitions for extension of time. It is obvious that the petitions were granted inadvisedly, since the petitions show an inability to have the transcripts prepared in time, while the transcripts, according to the clerk's certifications, had already been prepared.

During the oral argument of these causes, it was disclosed by the appellant that he desired to make certain corrections and modifications in the transcript following its receipt from the clerk. Apparently appellant was unable to make his corrections on the transcripts so that he would be able to submit them within the time required by the Supreme Court Rules, so he petitioned for an extension of time.

However, the transcripts were never re-certified by the clerk following the corrections and modifications made by appellant, and we have no way of knowing what parts of the transcripts were changed, modified or stricken.

The Supreme Court has stated in the case of *City of Bloomington* v. *Hancock* (1947), 224 Ind. 609, 70 N. E. 2d 631, that: ". . . it, . . . must be presumed that the date fixed to the final certificate by the clerk is correct."

As a result of the certificates bearing the date of June 15, 1966, we are of the opinion the order of June 27, 1966, granting the extension of time within which to file transcripts and assignment of errors should be rescinded, expunged from the record and held for nought.

We further are of the opinion that the order heretofore issued by this court denying the prior motion to dismiss this appeal, should be rescinded and expunged from the record because of having been inadvertently entered.

Thus, since it appears appellant has not filed his transcripts and bills of exceptions within the time allowed by Rule 2-2, we are of the opinion that this court lacks jurisdiction to hear this appeal, and the appeal should be dismissed.

Appeal dismissed.

Pfaff, C. J., Cook and Smith, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 633.