INDIANA STATE PERSONNEL BOARD *v.* PARKMAN.

[No. 20,675. Filed February 19, 1968. Rehearing denied March 19, 1968. Transfer granted March 12, 1969.]

*John J. Dillon*, Attorney General, and *Douglas B. McFadden*, Deputy Attorney General, for appellant.

*Isadore D. Rosenfeld*, of South Bend, and *Alvin D. Blieden*, of Michigan City, for appellee.

PFAFF, J.—The appellee, Ira Parkman, was employed by the Indiana State Prison as Hospital Administrator. On April 10, 1964, the appellee was advised by the State Personnel Division of the Department of Administration of the State of Indiana, that he was suspended for thirty days and at the end of said period of time his employment would be terminated. The appellee was further advised in said notice that he could appeal to the Indiana State Personnel Board pursuant to the Acts of 1941, ch. 139, § 36, p. 387, § 60-1336, Burns' 1961 Replacement. This the appellee did, and the Indiana State Personnel Board sustained the action of the director. Thereupon, the appellee, pursuant to the provisions of the Acts of 1941, ch. 180, § 2, p. 550, § 60-1350, Burns' 1961 Replacement, sought judicial review in the Marion Superior Court No. 1. The appellant, on July 6, 1965, filed its motion to dismiss, which motion alleged:

> "1. The Appellant (plaintiff) has not followed the statutory procedure to give this Court jurisdiction in this case.
> "2. The Appellant (plaintiff) has failed to give this Court jurisdiction by securing a certified copy of the transcript of the proceedings before the administrative agency within fifteen (15) days of filing the appeal.
> "3. The Appellant (plaintiff) specifically requests a trial de novo and this Court has no jurisdiction to determine said cause de novo.
> "4. The Appellant (plaintiff) has failed to give this Court jurisdiction in that he has not filed this appeal in the county of his residence or the county in which the dismissal order

or determination is to be carried out and enforced as required by law.

"5. The Appellant (plaintiff) has failed to properly commence this action by serving his petition on the Attorney General of the State of Indiana."

The foregoing motion was overruled by the trial court on December 12, 1965.

Thereafter, the appellant filed in the Supreme Court of Indiana its petition for writ of prohibition, which petition was based on the actions of the trial court in overruling the appellant's motion to dismiss. The petition for writ of prohibition was denied by our Supreme Court. The appellant filed in the trial court its demurrer, which was overruled. On April 6, 1966, the appellant filed its transcript of hearing before the Indiana State Personnel Board to which the appellee objected, and the trial court struck said transcript from the record.

Thereupon, the trial court held a trial de novo and on August 5, 1966, entered its Special Findings of Facts and Conclusions of Law which reads as follows:

"1. That Ira Parkman was employed as Hospital Administrator at the Indiana State Prison, Michigan City, Indiana from the 15th day of October, 1958, to the 10th day of April 1964, on which date he was suspended.

"2. That on April 10, 1964, while Ira Parkman was employed as Hospital Administrator at the Indiana State Prison, he received a salary of $550.00 each month and in addition thereto he was entitled to sick leave, vacation period, and over time.

"3. That during the period of his employment as Hospital Administrator there were a number of doctors employed as Medical Directors, that is, seven in number, including Doctor Frank J. McGue, and various other doctors who stay at the Indiana State Prison as Medical Director was of a limited duration; that among the doctors acting as Medical Director one was Doctor Elsie K. Bell who was employed as such Medical Director from about August 1963 until March, 1966.

"4. That Ira Parkman as such Hospital Administrator of the Indiana State Prison had a responsibility of keeping complete and accurate records for the handling of all drugs and hospitals at the hospital of the Indiana State Prison.

"5. That prior to December 4, 1961 all narcotics were shipped by the supplier directly to the Clerk of the Indiana State Prison, and that the Clerk kept a record of the narcotics received and issued; that after December 4, 1961, all barbiturates and narcotics were shipped by the supplier to the Clerk of the Indiana State Prison and the Clerk kept and maintained a record of all barbiturates and narcotics so shipped to the Indiana State Prison.

"6. That said barbiturates and narcotics were withdrawn from the office of the Clerk, also know as the Business Administrator, only on a receipt signed by Ira Parkman or the then current Medical Director.

"7. That on or about December 4, 1961 the Warden of the Indiana State Prison in conjunction with Doctor Frank J. McGue introduced and established the so-called "Pouch System."

"8. That the "Pouch System" required that the Hospital Administrator or the then Medical Director receipt for all barbiturates and narcotics issued by the office of the Clerk or Business Administrator, and that said system required that such barbiturates and narcotics were dispensed only by the Pouch Officer on prescription duly signed by the Medical Director of the Indiana State Prison.

"9. That the "Pouch System" was an accurate and adequate safe-guard against illegal or unauthorized distribution of barbiturates and narcotics in the Prison Hospital.

"10. That the control and distribution of barbiturates and narcotics and the records pertaining thereto were examined by the Bureau of Narcotics of the Treasury Department of the United States government and found to be in order throughout the entire term of employment of Ira Parkman.

"11. That the drug records were accurately and carefully maintained and reflected a true inventory of all drugs, including barbiturates and narcotics, dispensed at the Indiana State Prison.

"12. That the dispensing of all drugs, barbiturates, and narcotics was kept under control and was carefully and prudently handled.

"13. That there was no shortage or loss of such drugs and no discrepancies in the drug records of Ira Parkman.

"14. That Ira Parkman maintained and installed an accurate system for safe-guarding the distribution of all medication and dispensing of night medication to "outpatients" and that said Ira Parkman properly supervised the activities of the Pharmacy at the Indiana State Prison.

"15. That said Ira Parkman as Hospital Administrator directed and supervised the preparation of emergency requisitions for pharmaceuticals, oxygen, etc., and directed preparation of quarterly requisitions for all drugs, pharmaceuticals, hospital and surgical supplies, which entailed projection and forecasting techniques, trends, and seasonal variations, all within budgetary limitations; that Ira Parkman received, checked, reported, stored, and safe-guarded all medicines and supplies issued same as needed, and was responsible for physical and inventory control of the same.

"16. That said Ira Parkman as Hospital Administrator did satisfactorily fulfill all the duties and responsibilities of a Hospital Administrator.

"17. That said Ira Parkman as Hospital Administrator did check the medical charts and records for errors to insure compliance with doctors orders.

"18. That this court has jurisdiction of this proceedings by virtue of the Acts of 1941, Chapter 180, Section 2.

## CONCLUSIONS OF LAW

"The Court concludes that the law is with Ira Parkman and that his dismissal was without cause, and that he should be reinstated.

"The Court further orders that said Ira Parkman be restored and reinstated to his former office as Hospital Administrator and, that said order of removal shall be void and of no effect and that he shall be reimbursed for all wages and salary, from the 10th day of April 1964, to the date of this order, including all other benefits due him.

s/s Charles C. Daugherty
Judge Marion Superior
Court No. 1.

"Dated this 5th day of August, 1966."

On August 15, 1966, the appellant filed its motion for new trial, alleging that the decision of the court was contrary to law and not supported by sufficient evidence, which motion for new trial was overruled on August 18, 1966.

On November 21, 1966, the appellant filed its petition in this court for extension of time to file transcript and assignment of errors, which the appellee opposed and this court on February 8, 1967, granted said petition. *Indiana State Personnal Board* v. *Ira Parkman* (1967), 140 Ind. App. 308, 223 N. E. 2d 352. Thereon, the appellant filed its transcript and assignment of errors in which it alleged that:

1. The court erred in overruling appellant's motion for a new trial.

2. The court erred in overruling appellant's motion to dismiss for lack of jurisdiction, both subject matter and personal.

3. The court erred in its conclusion of law.

The appellant before this court argued that the trial court lacked jurisdiction as the provisions of ch. 180, § 2, p. 555 of the Acts of 1941, Burns' Ind. Stat. 60-1350 was repealed by implication by ch. 365, § 14, p. 1451 of the Acts of 1947, as amended by ch. 355, § 4, p. 1033 of the Acts of 1957, Burns' Ind. Stat. § 63-3014.

The argument of the appellant that the Indiana Adjudication Act repealed by implication the Indiana State Personnel Board Act as far as appeals to the trial court is without merit. Repeals by implication are not favored. *Sweigart* v. *State* (1938), 213 Ind. 157, 12 N. E. 2d 134; *Payne, President et al.* v. *Buchanan et al.* (1958), 238 Ind. 231, 148 N. E. 2d 537; *State Ex-rel Black* v. *Board of School Com.* (1933), 205 Ind. 582, 187 N. E. 392; 26 I.L.E. § 83, p. 294.

Whenever possible, since repeals by implication are not favored the acts must be construed so that both may stand and it is only when the earlier and later acts are irreconcilable in conflict that the earlier act is repealed. *Rosenbloom* v. *Hutchins* (1944), 222 Ind. 590, 55 N. E. 2d 315; *Schaffer* v. *State* (1930), 202 Ind. 318, 173 N. E. 229; *State Ex-rel Black* v. *Board of School Com.* (1933), 205 Ind.

582, 187 N. E. 392; *Sallwasser* v. *City of LaPorte* (1933), 205 Ind. 248, 186 N. E. 297; 26 I.L.E. § 83, p. 294.

The Supreme Court in *Schaffer* v. *State* (1930), 202 Ind. 318, p. 324, 173 N. E. 229, stated:

"A statute is not to be deemed repealed merely by the enactment of another statute on the same subject. ■ There must be a positive repugnancy between the provisions of the new law and the old, to work a repeal by implication; . . ."

The Indiana State Personnel Board properly felt it was controlled by Ch. 139 of the Acts of 1941, as indicated by the fact that the notice of suspension and discharge called to the appellee's attention that he could appeal the acts of the Director by complying with the provisions of Burns' § 60-1336, *supra*.

The Indiana State Personnel Act and the Indiana Administrative Adjudication Act are not in conflict. The Indiana State Personnel Board Act, sometimes referred to as ■ the Indiana Civil Service Act, gave to employees of the state of Indiana certain rights and privileges that they did not have, prior to its passage and provided for a full and complete administrative procedure to be followed, including what it referred to as an appeal to the Marion Circuit or Superior Courts. This is a right that existed by virtue of the action of the Legislature and not as a right that existed by right of law. In fact, if the Legislature had elected it could have eliminated entirely the right of review from the actions of the Indiana State Personnel Board. In the absence of an expressed statutory provision to the contrary, an appeal or judicial review from administrative or ministerial action lies only when specifically authorized by statute. *Financial Aid Corporation* v. *Wallace* (1939), 216 Ind. 114, 23 N. E. 2d 472; *Luten* v. *Schmidt* (1928), 88 Ind. App. 134, 163 N. E. 536; *State Board, etc.* v. *Ort, Trustee* (1926), 84 Ind. App. 260, 151 N. E. 31; *In re Northwestern Indiana Tel. Co.* (1930),

201 Ind. 667, 171 N. E. 65; *Cushman* v. *Hussey* (1918), 187 Ind. 228, 118 N. E. 816; *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103 N. E. 10; 125 A.L.R. 736.

In addition, the Administrative Adjudication Act specifically exempted benevolent, reformatory or penal institutions as the definition of the term "agency" in Burns' Ind. Stat. Annotated § 63-3002, reads as follows:

"The word 'agency' whenever used in this act shall mean and include any officer, board, commission, department, division, bureau or committee of the State of Indiana, other than courts, governor, military affairs or military boards of the state, state colleges or universities supported in whole or in part by state funds, *benevolent, reformatory or penal institutions.* . . ." (emphasis supplied).

Thus under any circumstances the action of the appellant in seeking judicial review of the order of the Indiana State Personnel Board in the Marion Superior Court No. 1 was properly taken, both by virtue of the fact that being an employee of the Indiana State Prison, a penal institution, the appellant is exempt from the Administrative Adjudication Act and the Indiana Administrative Adjudication Act has not by implication repealed the Indiana State Personnel Board Act.

The appellant alleges that the trial court was without jurisdiction since no summons was issued. There can be no question that if the issuance of a summons was necessary, then the court would be without jurisdiction and the judgment would be void. However, as heretofore indicated, the appellee's rights are controlled by the provision of the Indiana State Personnel Act and said Act provides the following:

"§ 60-1350. Appeal from dismissal order—Procedure—Notice—Trial de novo—Reinstatment. Said officer or employee named in said order as being removed shall have the right, within ten (10) days after such order of dismissal is made or is to be effective, to appeal from such order of dismissal to the circuit or superior court of Marion County, Indiana.

"Such appeal shall be taken by such officer or employee filing with the clerk of such court the certified copies of such order, charges and answer if any, referred to in section 1 [§ 60-1349] hereof, and giving written notice of the filing thereof to said hearing board, officer or commission within five (5) days thereafter."

Since the proceedings authorized by the Indiana State Personnel Act are purely statutory and are unknown to the common law or equity, this act created and provided a specific procedure to be followed. The manner of appeal from the Indiana State Personnel Board as prescribed by the statute was the exclusive procedure that had to be followed. *State Ex-rel M-West Ins. Co.* v. *S. Ct. of Marion Co.* (1952), 231 Ind. 94, 106 N. E. 2d 924; *State Ex-rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 76 N. E. 2d 254; *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, 92 N. E. 2d 544; *State Ex-rel Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268; 26 I.L.E. § 177, p. 370.

The Supreme Court in *State Ex-rel M-West Ins. Co.* v. *S. Ct. of Marion Co., supra,* said:

"The proceedings authorized by § 39-3401 Burns' 1952 Replacement, for an order for conservation are purely statutory and unknown to the common law or equity. 'The general rule is that where an Act creates new rights of purely statutory origin and specifically provides for procedure to be followed, the procedure prescribed is the exclusive manner in which the prescribed act may be accomplished.'"

The appellee followed the procedure as prescribed by the Indiana State Personnel Act in all respects and the trial court properly and in the only possible way acquired jurisdiction. Finally, the appellant contends the trial court erred in holding that the appellee, Parkman, had not been discharged for cause. However, this issue is not before the court. The only errors the appellant assigned in its assignment of errors was: (1) The trial court erred in overruling the appellant's motion for new trial; (2) The court erred in overruling to

dismiss for lack of jurisdiction and (3) The court erred in its conclusion of law.

As was stated by this court in the case of *Ind. Alcoholic Bev. Comm'n* v. *B. and T. Distribs., Inc.* (1967), 141 Ind. App. 343, 228 N. E. 2d 35:

"It is well established by law in this State that there is no appeal in the usual sense, from a ruling, order, or decision of an administrative body, but rather, a judicial review is contemplated. We judicially know the Alcoholic Beverage Commission is an administrative agency or body. Our Supreme Court in the case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 105, 26 N. E. 2d 399 stated:

" 'Strictly speaking, there is no such thing as an appeal from an administrative agency. It is correct to say that the orders of an administrative body are subject to judicial review; and that they must be so to meet the requirements of due process. Such a review is necessary to the end that there may be an adjudication by a court of competent jurisdiction that the agency has acted within the scope of its powers. . . .' " See also: *State Board of Tax Comm.* v. *Indianapolis Lodge* (1964), 245 Ind. 614, 200 N. E. 2d 221; *State ex rel. Harris et al.* v. *Superior Court* (1964), 245 Ind. 339, 356, 197 N. E. 2d 634; *Mills; Castor* v. *City of Winchester* (1959), 130 Ind. App. 397, 400, 162 N. E. 2d 97.

Since this is a matter for judicial review and not an appeal there can be no basis for asking for a new trial. As was pointed out in *Ind. Alcoholic Bev. Comm'n.* v. *B. and T. Distribs., Inc., supra*:

"Under Rule 2-2, and the case law applicable to such situations as now confronts us, we are compelled to agree with the Appellee. In discussing judicial reviews, our Supreme Court in the case of *City of Plymouth, Ind.* v. *Stream Pollution Cont. Bd. of the State of Ind.* (1958), 238 Ind. 439, 445, 151 N. E. 2d 626, 629, stated:

" 'As there is no trial in the usual sense upon the judicial review, there can be no basis for asking for a new trial when a losing party is disappointed or dissatisfied with the outcome of the judicial review'."

"Also in the case of *Dawson et al.* v. *Wright, Mayor of City of Anderson, et al.* (1955), 234 Ind. 626, 630, 129 N. E. 2d 796, we note the following:

" 'Since there had been no trial, the motion for new trial presents nothing for review. *Metsker* v. *Whitsell* (1914), 181 Ind. 126, 138, 103 N. E. 1078; 2 Gavit, Indiana Pl. & Pr., p. 2081, § 333. Motions to modify a judgment or in arrest of judgment or to reconsider the ruling or a motion to vacate a judgment do not extend the time for perfecting appeal. *Bachelder* v. *Parker* (1947), 118 Ind. App. 66, 74 N. E. 2d 926; *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N. E. 2d 102; *Michigan City* v. *Williamson* (1940), 217 Ind. 598, 28 N. E. 2d 961. The case of *Pittsburgh, etc. C. C. & St. L. R. Co.* v. *Kearns* (1920), 191 Ind. 1, 128 N. E. 42, on extending time for appeal must be considered overruled.

" 'In *Schneidt* v. *Schneidt* (1919), 69 Ind. App. 666, 122 N. E. 588, appellant prosecuted an action to vacate a decree of divorce. A demurrer was sustained to the complaint, and a judgment rendered against appellant for refusal to plead over. Appellant then filed a motion for new trial on the ground the court erred in sustaining the demurrer. The court held filing the motion for new trial did not extend the time for perfecting an appeal, and reasoned as follows:

" 'The cause never having been tried, of course there could be no new trial. The pretended motion for a new trial was an absolute nullity and presented nothing to the trial court for its consideration. The time for taking an appeal cannot be extended in that manner. *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351; *Goodrich* v. *Strangland* (1900), 155 Ind. [279] 280, 58 N. E. 148; *Erwin School Tp.* v. *Tapp* (1890), 121 Ind. 463, 23 N. E. 505; *Corwin* v. *Thomas* (1882), 83 Ind. 110; *Reed* v. *Spayde* (1877), 56 Ind. 394; *Fisk* v. *Baker* (1874), 47 Ind. 534; *City of Huntington* v. *Cast* (1900), 24 Ind. App. 501, 56 N. E. 949; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 40 N. E. 128; *Decker* v. *Mahoney* (1917), [64 Ind. App. 500] 116 N. E. 57. 69 Ind. App. at page 667, 122 N. E. at page 589'."

The appellant clearly recognized this, since in its petition for writ of prohibition before the Supreme Court one of the grounds assigned was: "(c) that appellant (the appellee in this court) requests trial de novo and this court had no jurisdiction to determine said cause de novo." Further, the appellant recognized this, when he filed his certified transcript of

hearing before the trial court. The appellant did not assign as error the action of the trial court in striking the certified copy of the transcript of hearing before the Indiana State Personnel Board.

Under Rule 2-6 of the Supreme Court of Indiana, this court can only consider errors specifically assigned in the assignment of errors. This rule is set forth in 2 I.L.E., *Appeals,* § 351 ch. 9, p. 202 and reads as follows:

"An assignment of errors is necessary in two respects. First, the filing of an assignment of errors is a step essential to confer jurisdiction on the reviewing court, and second, the reviewing court will review only such errors as has been assigned."

Further, the Appellate Court will not search the record for the purpose of reversing a trial court but only for the purpose of sustaining the trial court. *Freeman* v. *King* (1967), 141 Ind. App. 655, 231 N. E. 2d 161; *Devine* v. *Grace Construction and Supply Co.* (1962), 243 Ind. 98, 181 N. E. 2d 862; *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453.

The appellant in the case at bar neither assigned as error in its motion for new trial or in its assignment of errors the action of its trial court in striking the transcript.

Our Supreme Court in *Baker* v. *State* (1966), 247 Ind. 159, 221 N. E. 2d 433, clearly pointed out the basis of this rule when the court said:

"Rules for presenting issues to the court and for appellate procedure are developed through an evolutionary process, with the ultimate design, through trial and error, of best serving the cause of justice. This means justice to the people of this State, as well as the defendant in a case. We, as judges, cannot disregard or violate long-established rules in the consideration of cases and at the same time insist that parties observe these rules. Judges have no right, upon mere whim, to disregard rules or principles of law. We should not violate a technical rule of appellate procedure

to reach and consider an alleged error based upon a technicality in the trial procedure which is not properly presented."

This court has held that where we have inadvertently entered an order granting an extension of time that such extension of time should be rescinded and expunged from the record. *Swain* v. *City of Princeton* (1967), 141 Ind. App. 571, 230 N. E. 2d 633.

Further, since this court said, by Judge Bierly in *Swain* v. *City of Princeton, supra*:

"We further are of the opinion that the order heretofore issued by this court denying the prior motion to dismiss this appeal, should be rescinded and expunged from the record because of having been inadvertently entered.

"Thus since it appears appellant has not filed his transcripts and bills of exceptions within the time allowed by Rule 2-2, we are of the opinion that this court lacks jurisdiction to hear this appeal, and the appeal should be dismissed."

Thus, the action of the trial court in striking the transcript of the proceedings had before the Personnel Board is not before this court.

However, the court has examined the evidence produced before the trial court, and while this is unnecessary, the court must conclude that based on the evidence before the trial court, the decision of the trial court is overwhelmingly correct.

Judgment affirmed.

Cook, P. J., and Smith, J., concur; Bierly, J., dissents with opinion.

## DISSENTING OPINION

BIERLY, J.—I disagree with the conclusion reached by the majority opinion, and dissent thereto.

Appellant asserts this is an "appeal from a decision of the Marion Superior Court No. 1 that Ira Parkman had been dis-

charged without cause as Administrator of the hospital at the Indiana State Prison" (appellant's brief), and the court ordered that appellee be reinstated to that position, and that he be reimbursed for all salary and wages from April 10, 1964, to August 5, 1966.

On the other hand, appellee contended that the action as stated in his answer brief "is not an appeal from the Superior Court No. 1, but rather is a judicial review of an *Administrative Agency*" (emphasis supplied).

Appellant asserts this is a civil action, that the Marion Superior Court No. 1 held that this cause of action was not subject to the Administrative Act, and therefore ordered the case tried de novo, thus precluding the direct appeal to the Supreme Court, citing Burns' Ind. Stat. Anno. § 63-3019, and concluded by asserting the Appellate Court had jurisdiction by virtue of Burns' Ind. Stat. Anno. § 4-214. Appellee denied this to be a civil action, but rather an action for review of an order of an Administrative Agency, and that this court lacked jurisdiction for the reason that the appeal was filed too late, and cited Rule 2-2 of the Supreme Court to substantiate that allegation.

There was a distinct lack of an agreement by the parties as to the issues before the trial court.

Appellant, under the title "What the Issues Were", stated:

"1. Whether the Superior Court No. 1 of Marion County had jurisdiction of an appeal from a decision of the Indiana State Personnel Board upholding the dismissal of an employee under Burns Ind. Stat. Ann. §§ 63-3002 and 63-3014, where the employee resided in LaPorte County and the order of the Board would be executed in LaPorte County.

"a. Whether Burns' Ind. Stat. Ann. § 60-1350 was superceded by the Administrative Adjudication Act, Burns' §§ 63-3002 and 63-3014 in cases where the Indiana State Personnel Board reviews the dismissal of employees of the Indiana State Prison.

"2. Whether the Superior Court No. 1 of Marion County acquired jursidiction of an appeal from a decision of the Indiana State Personnel Board where summons was not

caused to be issued nor served on the state agency or the Attorney General.

"3. Whether the Warden of the Indiana State Prison dismissed Ira Parkman, as Administrator of the hospital of the Indiana State Prison, for cause under Burns' Ind. Stat. Anno. § 60-1335.

Appellee countered, under the title "What the Issues Were", as follows:

"1. The appellee contends that this was an action for a judicial review under the Indiana State Personnel Act, which act is presently existing.
a. That even if the trial court erred on this point, this court has no jurisdiction.
"2. That service was had by virtue of the provision in the Indiana State Personnel Act.
"3. The appellant's statement under this point of the heading is correct."

Section 13-214, Burns' Vol. 4, part 2, specified the duties of the warden of the Indiana State Prison as follows:

"The warden shall attend to the purchasing of all articles for the institution, clothing, provisions, medicines, materials for buildings and repairs; said materials to be manufactured in the penitentiary. He shall have charge of the whole operation of the institution, and shall be its executive officer."

The theory of this case as presented by the appellant assumed that the provision of the Administrative Adjudication and Court Review Acts of 1947 was the proper vehicle to govern the proceedings in the case by the proper court on an appeal from the State Personnel Board. On the other hand, the appellee contended that in this particular case the appeal was from the State Personnel Board, created in 1941, and amended in 1965, directly to the Superior or Circuit Court of Marion County and heard de novo. The Marion Superior Court accepted jurisdiction of the case on the theory advanced by appellee.

We quote from § 63-3002, Burns' 1961 Replacement, defining the term "agency" in the Administrative Adjudication Act as follows:

> "The word 'agency' whenever used in this act (§§ 63-30-01—63-3030) shall mean and include any officer, board, commission, department, division, bureau or committee of the state of Indiana other than courts, the governor, military officers or military boards of the state, state colleges or universities supported in whole or part by state funds, *benevolent, reformatory or penal institutions, . . .*" (Emphasis supplied).

This definition of "agency" in the Administrative Adjudication Act clearly makes an exception of its application of benevolent, reformatory, or penal institutions. Hence, in our opinion the case at bar was subject to the provisions of the State Personnel Act § 60-1301, Acts of 1965, Ch. 369, Burns' 1967 Replacement, and the Indiana Personnel Board created by § 60-1304, Acts of 1943, Ch. 101, Burns' Anno. Stat. 1961 Replacement.

The statute covering the dismissal of employees, § 60-1335 Burns', Acts of 1967, Ch. 339, Section 1, is identical to § 60-1335 covering the dismissal of employees, being Acts of 1941, Ch. 139, Section 35.

Appellee challenges appellant's brief in charging that the appellant in its brief failed to comply with the court Rule 2-17 (e). We see no validity in appellee's contention, inasmuch as a portion of said rule states in part:

> ". . . the appellant shall set forth a summary of the evidence and the record which he *believes to be pertinent* to the issues involved in the initial portion of the argument section of the brief, . . ." (Emphasis supplied).

The specific words "which he believes to be pertinent" permits a wide latitude on the part of the appellant in the preparation of its brief; and the appellee, if he excepts to the appellant's brief on that point, is authorized by the rules to

submit such deficiency complained of. We hold that if appellant, in its brief, submitted what it believes essential to comply with Rule 2-17(e), the appellee cannot be heard to complain what appellee *believes* to be necessary to comply with said rule, thereby attempting to put into the mouth of appellant what he believes appellant should *believe* as to the interpretation of said Rule 2-17(e). We disagree and hold that appellee's charged failure of appellant to comply with said Rule 2-17(e) is without merit.

Appellee alleges in his answer brief that this court lacks jurisdiction to entertain this appeal. In his answer brief, at page 7, he states:

"Thus the court (appellant) is bound to take judicial knowledge of its jurisdiction. Since the appellant's brief was filed too late, and his petition for extention [sic] of time did not extend the time, the extention [sic] of time which was granted by this court on November 21, 1966, was inoperative.

. . .

"Further, the opinion of this court on the appellee's motion to dismiss rendered February 8, 1967, in the *Indiana Personnel Board* v. *Ira Parkman*, 140 Ind. App. 308, 223 N. E. 2d 352 *struck all such* entries, and the court granted 90 days to file transcript to wit: to January 18, 1967, all which was done after the time for the appeal had expired, and at a time when this court no longer had jurisdiction."

We take a charitable view of appellee's criticism of this opinion in the *Indiana Personnel Board case, supra,* which was handed down February 8, 1967, but appellee's petition to transfer was denied just recently on the 17th day of May, 1967. Thus, the opinion has the force of law. This court has certain inherent power. The closing paragraph of said opinion reads as follows:

". . . the court *on its own motion, grants defendant-appellant* ninety (90) days time within which to file transcript and assignment of error in this cause, and time shall run from the date of January 18, 1967." (Emphasis supplied).

Inasmuch as the opinion of February 8, 1967, in the *Indiana Personnel Board, supra,* is law, we hold that appellee's position relative to attacking the opinion fails.

Appellee contends that appellant's position that this is a court action and an appeal from the Marion Superior Court No. 1 is erroneous, but, instead, is an action for a judicial review of an Administrative Agency, under the Indiana State Personnel Act. But § 60-1350 provides, in reference to an appeal from an order of dismissal by the said Personnel Board to a Circuit or Superior Court of Marion County, Indiana, that:

> "Such appeal shall be taken by such officer or employee filing with the clerk of such court the certified copies of such order, charges and answer if any, referred to in Section 1 (§ 60-1349), hereof and giving written notice of filing thereof to said hearing board, officer or commission within five (5) days thereafter.

> "Said court, without a jury, shall try said cause de novo upon the causes specified in such order of removal and determine whether they or any of them are sustained by the evidence produced before said court, and as to whether they are sufficient to constitute causes for removal."

Appellee, as heretofore pointed out, contended that this cause of action was not one for a judicial review in the trial court below, but was governed by the Personnel Act, Burns' § 60-1350, thereby granting a full trial de novo. As a consequence of this position appellee sought, and the trial court ruled, that the transcripts of the proceedings before the board be stricken from the record.

We are deeply concerned as to how appellee could classify this case as one for judicial review when he requested of the court that the only records of the proceedings before the agency be stricken, which request was sustained.

By striking from the record all proceedings before the board, we may well wonder what remained for review.

Section 60-1350, *supra,* under which provisions the appellee prosecuted his appeal, has Ch. 180, Sec. 1 and 2 of the 1941 Acts, in full force on March 8, 1941, the title of which reads as follows:

"*An Act Concerning the Right of a Review by a Court of Orders or Decisions of Boards, Officers or Employees of the State Who is Removable after a Hearing on Charges.*"

Thus the title of the act certainly presupposes a review of the charges before the board, or evidence adduced thereto, the order of the board, the "specific grounds and cause for such removal" of the person so charged.

While said § 60-1350 states the cause shall be appealed to the Circuit or Superior Court of Marion County, Indiana, and be heard by the court without a jury and by trial de novo, we are of the opinion that the term "de novo" has not the customary usage that is attributable to a regular de novo proceedings, since the title of the Act 180, *supra,* specifices "an act concerning the right of a review of a court of orders or decisions of the board."

We are of the opinion that the trial court erred in striking the transcript of the evidence which had been offered in the hearing in the Superior Court, and that the ruling of the court constituted prejudicial error.

We reiterate our conclusions that this action was not within the purview of the Administrative Act.

Appellee contends, on page 14 of his brief, that:

"There is no inconsistency between the Administrative Adjudication Act, and the Indiana Personnel Board Act, since the Indiana Administrative Adjudication Act is applicable in all cases whether no specific provision is provided for appeals, and the Indiana Personnel Act is a complete act including provisions for Judicial Review."

We take judicial notice that Acts of 1941, Ch. 180, contains only two sections. Section 2, (being Burns' 60-1350), has the heading: "*Appeal from Dismissal Order*—Procedure—Notice

—Trial de Novo—Reinstatement." This section specifically authorizes *an appeal* from such order of dismissal by the Personnel Boards, while § 60-3014 of the Administrative Adjudication Act and Court Review Act has the heading: *Judicial Review*—Courts—Procedure." The first sentence of this section reads as follows:

"Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a Judicial Review thereof in accordance with the provisions of this act (§§ 63-3001—63-3030)."

Said § 63-3014 further provides that such review may be had by filing with the Circuit or Superior Court "of any county in which said person resides or in any county in which said order or determination is to be carried out or enforced. . . ."

Appellee, having brought his case before this court under aforementioned Section 60-1350, *supra,* did so by way of *an appeal from a dismissal of an employee by the State Personnel Act,* wherein the agency is excepted by § 63-3002 from the application of the Administrative Adjudication and Court Review Act.

It appears the General Assembly used the words "appeal" and "review" rather loosely. In *Square D Company* v. *O'Neal* (1947), 225 Ind. 49, 72 N. E. 2d 654, the court said:

"It is fair to assume that by the term 'appeals' is included reviews by the Appellate Court of proceedings of the industrial board or any other *administrative board.* The General Assembly has often used the word 'appeal' instead of 'review' where it has provided for a court review of the findings of an administrative body. For example see § 63-1306, Burns' 1943 Replacement which provides for 'appeals' from the State Board of Medical Registration and Examination of Indiana. Also see § 40-1512, Burns' 1940 Replacement, Acts 1929, Ch. 172, § 61 which provides for 'appeals' from an award by the Industrial Board to the Appellate Court. It will be noted that the title of the last cited act nowhere provides for a review by the Appellate Court; the language used is '. . . to provide for appeals. . .' " (Emphasis supplied).

As heretofore stated, the title to Acts 1941, Ch. 180, is: "An Act Concerning the Right of a Review by the Court", which paragraph 2 of said Burns' § 60-1350 states, "Such appeal shall be taken . . ."

We are of the opinion that the term "appeal" should therefore be in reality a "review" to conform with the title and with the opinion in *Square D Company, supra.*

In case of *State Board of Medical Registration, etc.* v. *Scherer* (1943), 221 Ind. 92, 46 N. E. 2d 602, the Supreme Court speaking by Fansler, Judge, at page 96, said:

> "Ministerial boards act as fact-finding bodies to ascertain whether applicants conform to a legislative formula by which the right to a license is fixed. It is well settled that under the division of powers, these ministerial fact-finding duties may not be delegated to courts, and that the so-called appeal provisions of statutes which undertake to vest in courts jurisdiction to try and determine de novo the facts entitling an applicant to a license, or to continue to operate under a license, must be treated as merely providing procedure by which the proceeding may be brought before the court for an investigation to determine whether the ministerial body has acted legally and within its powers. In all of such cases, if the ministerial board has conformed to statutory procedural methods, and its decision is supported by substantial evidence, its findings and determination will not be disturbed."

> (Citations omitted).

> "It is true that the statute here in question seems to contemplate a de novo proceeding before the court, and a finding of 'guilty' or 'not guilty', but, regardless of what may seem a legislative intention to the contrary, this court has consistently construed similar statutes as vesting in the courts only such jurisdiction as the Constitution permits.
> . . .

> "It is clear that courts cannot decide for themselves the cases in which they will assume jurisdiction to weigh evidence as to qualifications and those in which they will not."

The court in the above opinion concluded with this pronouncement:

"We have concluded, however, that the *only jurisdiction of the court was to review the decision of the board,* and that the decision of the board must be sustained if it was supported by substantial evidence, which it clearly was." (Emphasis supplied).

We must bear in mind that this case at bar was a review of the decision of the Indiana State Personnel Board, a ministerial body; that such cause before us differs greatly from civil actions we are called upon to hear and determine.

The trial court in this petition to *review the decision* of the Indiana State Personnel Board was required to have before it *all matters* constituting the complete record of all proceedings had before the Indiana State Personnel Board. This was not done. The appellant was denied the introduction of the transcript of the proceedings before the Indiana State Personnel Board by the trial court. Furthermore, it seems abundantly clear the proceeding before the trial court was not in harmony with what was intended by way of a petition for a review of a decision of the Indiana State Personnel Board. (Our emphasis).

As a result of the majority opinion, we have an anomalous situation of the appellee being reinstated in his former position as Administrator of the prison hospital, but subordinate to the same warden, who may naturally assume that the appellee, fortified by the opinion of this court, would be devoid of any restraint and subordination in the generally accepted or continuity of command, the head authority reposing in the person of the warden.

When we have the situation, as in the case at bar, a warden of the State Prison, in his judgment and for good cause, dismissing an employee; when said discharge was officially approved by the Indiana State Personnel Board; and when this court has required a reinstatement of such discharged employee, we have a broken continuity of a harmonious command which is so vital in any successful political or business enter-

prise, and especially so in the operations of eleemosynary and penal institutions of the state.

I could think of nothing more vital to discipline at the State Prison than that the action of the Indiana State Personnel Board in the case at bar be upheld.

The last paragraph of § 60-1350 reads as follows: "The order and determination of said court shall be final." In view of our decision in this cause, it becomes unnecessary for this court to consider this paragraph.

I am of the opinion that reversible error was committed and that the decision of the trial court should be reversed.

I would reverse the judgment of the trial court.

NOTE.—Reported in 233 N. E. 2d 798.